PHIL BORGER ET AL., ADMINISTRATORS, v. E. C. BRAND, BANKING COMMISSIONER, ET AL.

No. 7109.   Decided June 29, 1938.
(118 S. W., 2d Series, 303.)

*Hoover, Hoover & Cussen,* of Canadian, for plaintiff in error.

Where plaintiff as tax collector had deposited the public funds of the State and County, derived from the automobile

registration fees, in a bank which was not the authorized county depository, alleged in his petition that such act was contrary to law, and the uncontradicted evidence sustained that allegation, it was error for the court to render judgment against the legal representatives of the surety on the bond. Aycock v. Braun, 66 Texas 201, 18 S. W. 500; State ex rel. Owens, County Treasurer, v. Fraser, 65 S. W. 569; 13 C. J. 420.

*Ocie Speer*, of Austin, *Clem Calhoun*, of Amarillo, and *Jos. H. Aynesworth*, of Borger, for defendants in error.

Mr. Presiding Judge Harvey delivered the opinion of the Commission of Appeals, Section A.

All during the years 1931 and 1932, Arthur Huey was the Tax Collector for Hutchinson County, Texas, and during the same period of time the Panhandle Bank of Panhandle, Carson County, was the duly constituted county depository for Hutchinson County. On January 3, 1931, Huey arranged with the Borger State Bank, at Borger, Hutchinson County, to open a deposit account in said bank in which was to be deposited from time to time, as same were collected by him as Tax Collector, all automobile registration or license fees accruing to the State and County. At the same time, the Borger State Bank, in consideration of Huey's agreement to make such deposits, executed to Huey a bond, with A. P. Borger and John R. Miller as sureties, to secure said deposits. Said bond reads as follows:

"DEPOSITORY BOND.

"STATE OF TEXAS
COUNTY OF HUTCHINSON

"Whereas, the undersigned Principal, The Borger State Bank, a Banking Corporation duly incorporated and authorized by law to do a banking business in the State of Texas, in the County of Hutchinson, and now carrying on such business in said County and State, and in the County of Hutchinson of said State, and having its legal domicile at Borger, in said County, has been selected by Arthur Huey, Tax Collector of Hutchinson County, Texas, as depository for State Highway funds pending distribution in accordance with the laws of the State of Texas; and

"Whereas, to qualify and act as such depository it is required that the undersigned Principal shall give a bond, with sureties, in the amount of not less than the total amount of funds on deposit in said Bank at any time so long as said funds are so deposited in said Bank, said amount being for the sum of Forty

Thousand Dollars payable to Arthur Huey, Tax Collector of said County of Hutchinson, his legal representative and to his successors in office, conditioned for the faithful performance of all the duties and obligations devolving by law upon such depository, and for the payment upon presentation of all checks, drawn upon said depository by the Tax Collector of the County of Hutchinson; with the undertstanding that no check shall be honored and paid drawn against said funds made payable other than to the State Highway Department and County Treasurer of Hutchinson County, Texas, and to Arthur Huey, Tax Collector, Hutchinson County, Texas; that said funds shall be faithfully kept by said Depository and accounted for according to law and that any suits arising thereon shall be tried in the County of Hutchinson, State of Texas.

"Now, THEREFORE, know all men by these presents that we, the said Borger State Bank, Borger, Texas, as Principal and ————————and A. P. Borger and John R. Miller and———— and————, as sureties, all of the County of Hutchinson, said State, are each held or firmly bound unto Arthur Huey, Tax Collector of said County of Hutchinson and to his legal representatives and successors in office, in the sum of Forty Thousand Dollars, the payment whereof, well and truly to be made to the Tax Collector of said County and to his legal representatives or successors in office, in the County of Hutchinson, said State, we, and each of us, jointly and severally bind ourselves, our heirs, executors and administrators firmly by these presents. The condition of the above obligation is such that if the above named Principal, the said Borger State Bank, which has been selected as the depository for Highway funds by Arthur Huey, Tax Collector for the County of Hutchinson, as aforesaid shall faithfully perform all the duties and obligations devolving by law upon said depository and shall pay upon presentation all checks drawn upon the said depository by Arthur Huey, Tax Collector of the County of Hutchinson, made payable to the State Highway Department, the County Treasurer and to Arthur Huey, Tax Collector of Hutchinson County, Texas, for his legal fees as such Tax Collector in collecting the funds so deposited in said Bank, and that said funds shall be faithfully kept by said Depository and accounted for according to law, and that any suit arising thereon, shall be tried in the said County of Hutchinson, and shall perform each and all of the conditions contained herein, and discharge all the duties imposed upon said Depository herein, and in accordance with the law of the State of Texas, then this obligation to become void, otherwise to remain in full force and effect.

"Any suit on this bond shall be in the name of Arthur Huey Tax Collector of Hutchinson County, Texas, his legal representative, or successors in office, and shall not be void on the first recovery, but may be sued on until the full sum named therein shall have been recovered.

"In witness whereof, the above named Principal acting herein by its President and under its corporate seal, does hereunto subscribe its name and the said surety do also herein subscribe their names, this the 3rd day of January, A. D. 1931.

Borger State Bank,
By its President,
A. P. Borger

A. P. Borger     Surety
John R. Miller     Surety."

After this bond was given, Huey from time to time, until January 9, 1932, deposited in said bank, as collected, all automobile registration fees collected by him. At regular intervals he transmitted the amount due the State by means of a check drawn against said deposit account. This course was pursued by him until January 9, 1932, when the Borger State Bank closed its doors and was taken over by the State Banking Commissioner for liquidation. At the time the said bank closed its doors there was a balance on deposit in said bank, in favor of Huey, amounting to the sum of $4,777.40. The Court of Civil Appeals has found that at least $2236.84 of this amount represents deposits of automobile registration fees belonging to the State. On April 9, 1932, A. P. Borger executed a deed of trust, covering 80 acres of land, to secure the payment of the said sum of $4,777.40. A. P. Borger died and the plaintiffs in error, Phil Borger and Fritz Thompson, are the administrators of his estate. This suit was brought by Huey seeking judgment substantially as follows: (1) Against the State Banking Commissioner establishing, as a prior claim against the assets of the Borger State Bank, Huey's claim for $4,777.40 against said bank; (2) against the administrators of the estate of A. P. Borger, deceased, on the bond set out above for the sum of $4,777.40, and (3) for the foreclosure of said deed of trust lien. Prior to the bringing of suit, Huey paid the State and County all sums due on account of automobile registration fees collected by him. The trial court rendered judgment in substance as follows: (1) Granting Huey a recovery, in the sum of $4,777.40 against the adminstrators of the A. P. Borger estate, on the bond set out above, but denying a foreclosure of said deed of trust lien; (2) Granting Huey a recovery against the Banking Commissioner, in the sum of $2,236.84 and establishing same as a prior claim against the

assets of the Borger State Bank, except as to claims of the United States Government. All parties appealed and the Court of Civil Appeals held: (1) That no part of Huey's claim is entitled to priority of payment from the assets of the Borger State Bank; (2) that the bond in question is not void, as in contravention of public policy, but is a valid common-law bond; (3) that A. P. Borger, as surety on said bond, became charged with liability to the extent of the Highway Funds on deposit in said bank at the time the bank closed; (4) that the said deed of trust lien is valid. The judgment of the trial court was in part reversed and rendered, and in part reversed and the cause remanded. 92 S. W. (2d) 505. The adminstrators of the A. P. Borger estate have been granted the writ of error.

The main ground of error alleged in the application of the adminstrators, being the one upon which the writ was granted, is to the effect that the bond executed by the Borger State Bank to Huey, which bond is hereinabove set out, violates public policy and is therefore void. Reduced to the final analysis, the contention of the administrators is to the effect that where there is a duly constituted depository under the provisions of Chapter 2 of Title 47 of the Revised Civil Statutes (being Articles 2544 et seq.) the deposit of tax funds somewhere else, by the county tax collector, violates public policy; and such deposit being for this reason illegal, cannot afford a valid basis for a contract. The particular statute which the contention brings under review is Article 2549. The pertinent provisions of this statute read as follows:

" * * * It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such county and its various districts and other municipal subdivisions in such depository or depositories, as soon as collected, pending the preparation of his report of such collections and settlement thereon, which shall bear interest on daily balances at the rate, if any, fixed for such deposits of the tax collector by the Commissioners' Court in its order designating such depository or depositories, and the interest accruing thereon shall be apportioned by the tax collector to the various funds earning the same. The bond of such county depository or depositories shall stand as security for all such funds. If the tax collector of such county shall fail or refuse to deposit tax money collected as herein required, he shall be liable to such depository or depositories for ten per cent upon the amount not so deposited and shall in addition be liable to the State and county and its various districts and other municipal subdivisions

for all sums which would have been earned had this provision been complied with, which interest may be recovered in a suit by the State. Upon such funds being deposited as herein required, the tax collector and sureties on his bond shall thereafter be relieved of responsibility for its safe-keeping. * * * ."

1, 2 By these terms of the statute, it is expressly made the duty of the tax collector to deposit in the reguarly constituted depository all taxes collected by him "as soon as collected." However, it is to be noticed that a failure to perform this duty is not made a crime. Nor is a contract arising from or made in connection with the deposit of such funds elsewhere than in the regularly constituted depository declared to be void. It fairly appears from the language used that the Legislature regarded the liability for damages or penalties provided in the statute for the detention of tax funds from the regularly constituted depository, in addition to the responsibility of the tax collector and the sureties on his official bond for the tax funds so detained, as being amply sufficient to secure performance by the tax collector of the duty imposed on him. The doctrine is recognized in this state that where this is the case, it is "the reasonable implication that the Legislature meant for only the statutory remedies to be applied, and did not mean for courts to refuse to enforce contracts, which were not declared void or unenforceable, though in contravention of the statute." American National Insurance Company v. Tabor, 111 Texas 155, 230 S. W. 397. It is our conclusion that notwithstanding Huey, in failing to deposit in the regularly constituted county depository the tax funds in question, violated his official duty, his depositing of said funds in the Borger State Bank were not such illegal acts that no legal contractual relation in respect to such deposits could arise between him and said bank. The deposit of such funds constituted a valid consideration for the bond in question. The contention that said bond is void is overruled.

We have carefully considered all the other rulings of the Court of Civil Appeals of which the plaintiffs in error complain, and find no reversible error. The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 29, 1938.