## COMEAUX v. MANN.

### No. 9998.

Court of Civil Appeals of Texas. Austin.

Nov. 14, 1951.

Rehearing Denied Dec. 5, 1951.

David E. O'Fiel, Beaumont, for appellant.

Carruth & Gray, by William T. Gray, Port Arthur, for appellee.

GRAY, Justice.

Appellee sued appellant to recover on an oral contract whereby appellee agreed to furnish all labor necessary to make repairs and improvements to a two-story wooden building owned by appellant and located within the corporate limits of the City of Port Arthur, Texas. It was alleged that appellant was to furnish all materials to be used.

Appellee alleged that the agreed price for the labor was $1400; that performance of the contract was begun; that appellant had paid to appellee the sum of $313.08 when appellant repudiated the contract and told appellee to leave the premises; that appellee had completed the major portion of the work by his own and hired labor; that he was ready and able to complete the contract, and that the reasonable cost to him to complete it would have been $252. Appellee sought to recover the contract price less the amount paid and the cost of completion and prayed for $834.92.

Appellant's answer was a plea to the jurisdiction of the county court to hear and determine the cause. Subject to that plea, and as a defense to appellee's cause of action, appellant urged Section 7 of an Ordinance of the City of Port Arthur which reads:

"Bonds Required Hereunder:

"Every person, firm, association of persons, or corporation engaged in the erection, remodeling, removing or demolishing of buildings as a contractor, with the City of Port Arthur, shall annually file with the City Clerk an indemnifying bond, with good and sufficient surety or sureties, in the sum of Two Thousand ($2000.00) Dollars, approved by the Mayor, conditioned that such person, firm, association of persons, or corporation will indemnify and protect the City of Port Arthur, against all costs, expenses or damages which may in anywise accrue against the City in consequence of the operations covered by any permit issued hereunder, and conditioned further that such person, firm, association of per-

sons or corporation shall comply in all respects with the provisions of this code, and all rules and regulations promulgated by the authority hereof, and shall pay all damages for injuries to persons or property during or on account of, or in connection with such work authorized by such permit, said bond to cover all building operations for the period of one year from the date of the approval of the filing thereof."

Appellant further answered by a general denial, pleaded that appellee's work was not being done in a workmanlike manner and that he discharged appellee and paid him in full.

In answer to special issues a jury made findings adverse to appellant and a judgment was rendered for appellee for $386.92.

■ Under the allegations of appellee's petition, and upon making sufficient proof, he was entitled to recover the difference between the contract price and the expenses he would have incurred in completing the contract and less the amount he had been paid. Harlingen Independent School Dist. v. C. H. Page & Bro., Tex.Com.App., 48 S.W.2d 983, 7 Tex.Jur. p. 636, sec. 69. The allegations of appellee's petition stated the correct measure of his damages and brought his alleged cause of action within the jurisdiction of the county court.

■ There was introduced in evidence Section 7, supra, and Sections 3 and 8 of the Ordinance of the City of Port Arthur. The parties agreed this was a valid ordinance. Sections 3 and 8 read:

"Section 3. Permits:

"(a) All permits for the erection, alteration, repair, enlargement, moving or removing or otherwise changing in anywise, any building, structure or part thereof, already existing or to be hereafter erected, or any wall, chimney, flue, foundation, retaining wall, platform, staging, flooring, stand engine, boiler, bakeoven, machinery, elevator, tank, sprinkler system, fixed counters or shelving, cutting any opening in any wall, partition, floor or roof, any sign or billboard, any fence over five feet high, merry-go-round, toboggan, scenic railway, or similar amusement device, and any other device or apparatus or parts thereof, which may effect safety of person or property or subject them to risk through structural defects, or danger from fire or explosion, shall be issued by the Building Inspector on blank forms furnished by the City and kept in his office for that purpose, and no work or construction of any description for which a permit is required shall be commenced or continued without a permit, and the number thereof displayed in a conspicuous manner and placed on the lot or building, together with the street number of the building or structure; and any person or persons who shall start or commence or continue, or cause to be started or commenced or continued any work or operations of any description for which a permit is required herein, without first obtaining such permit and in all other respects complying with the provisions of this ordinance shall be deemed guilty of a misdemeanor and punished by fine of not less than five nor more than Two Hundred Dollars.

"(b) All buildings and structures of every character shall be built and constructed in conformity with the street grade, and before any building or structure of any character shall be constructed or the construction thereof commenced, the proper street grade shall be obtained from the City Engineer.

"Section 8. Penalty. Each violation of any of the provisions of this Ordinance shall constitute a misdemeanor and the person, firm or corporation or any employee, agent, member or officer thereof guilty of violating the provisions of this Ordinance upon conviction in the Corporation Court in Port Arthur, Texas, shall be fined in any sum not less than Five ($5.00) Dollars, nor more than Two Hundred ($200.00) Dollars, for each offense, and each and every day of failure or refusal to comply with this Ordinance shall constitute a separate and distinct offense, and in case of wilful and continual violation of the provisions of this ordinance by any person, firm or corporation as aforesaid, or their employee, servants or officers, the City shall have the right and power to revoke and repeal any franchise or Ordinance under which such

person, firm or corporation are operating or may be using and to revoke and repeal and cancel all permits or privileges granted to said person, firm or corporation."

An examination of the sections of the ordinance before us shows: (1) The making of repairs and improvements is not unlawful per se. It is only when they are done without a permit that the ordinance is violated. (2) Contracts made for the making of repairs and improvements without securing a permit are not declared to be void or unenforceable. (3) If a permit is not obtained for the making of repairs and improvements, then the offending person, or persons, shall be deemed guilty of a misdemeanor and punished by fine. If the offending person shall be guilty of "wilful and continual violation" then additional punishment may be assessed.

■ Looking to the sections of the ordinance for a reasonable interpretation of its meaning, it appears to us that its purpose and intent is to secure obedience to it by therein providing punishments for its violation. Appellant does not say a permit to do the repairs had been denied him. As originally made, there was nothing in the contract that contemplated or made necessary a violation of the ordinance. No such motive or intent is attributed to either of the parties at the time the terms of the contract were agreed upon. Appellant did say that after the work started he told appellee to get a permit and that appellee said he would work there and "they won't see me and won't know anything about it"; that at the time he stopped the work, he told appellee "I'm going to have to stop because the building inspector won't let me go any farther with this kind of work." This was denied by appellee. The building inspector testified that he never conferred with appellant with reference to appellee's work; that he did not know of any word being passed from his department to appellant relative to appellee's job, and had never talked to appellant at all. He further said:

"Q. You don't have a requirement that a carpenter doing the work has to get a permit himself, do you? A. Not necessarily.

"Q. In other words the owner is just as responsible for getting that as anybody else? A. He is liable if any damage is done to the city streets, walks or anything like that. The reason we look to the contractor is because they are bound to protect the city property.

"Q. That is contractors, isn't it? A. Yes, sir, that is the contractors."

■ If the contract as made could have been performed in a legal manner, the courts will not declare it void and unenforceable because it may have been performed in an unlawful manner. Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808; Borger v. Brand, 131 Tex. 614, 118 S.W.2d 303; Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Carras v. Birge, Tex.Civ.App., 211 S.W.2d 998, error ref. n. r. e.; 10 Tex. Jur. p. 187, Sec. 108; 12 Am.Jur. p. 647, Sec. 153. We conclude the contract as made was enforceable.

Appellant has filed his motion in this cause praying that we take judicial notice that section 7, supra, reads: "Every person, * * * engaged in * * * demolishing buildings as a contractor, within the City of Port Arthur, * * *" instead of " * * * with the City * *" The motion presents a matter immaterial here for the reason that the use of the word "within" in lieu of the word "with" in Section 7, supra, would not change the conclusion we have reached.

Appellant complains that the evidence is insufficient to support the jury's answer to special issue eight. This answer was that appellee was doing the work in a workmanlike manner.

Appellee was a carpenter and had been for thirty-five years. He testified that he told appellant he was not a contractor but that he would furnish the labor for the job; that appellant agreed to furnish all materials; that nothing was said about getting a permit from the city to do the work and that he never told appellant he would get a permit; that he began work and worked himself eleven days, during which time he had others employed on the

job, and that appellant refused to let him finish the work. He testified what he did and the manner in which he did it. G. C. Ray, who had been a carpenter for forty or forty-five years, who was not employed on the job but saw the work, testified that it was done in a workmanlike manner. C. M. Siebert, who had been a carpenter for thirty years, who did not work on the job but who saw the work, testified that for the type of work that it was appellee's work was done in a workmanlike manner. G. B. Ray, who had been a carpenter for fourteen years, who had been employed by appellee and who worked on the job for nine and one-half days, testified that considering the work that was done it was done in a workmanlike manner.

Even though the testimony above is in conflict with the testimony of appellant and some of the witnesses called by him, the conflict was for the jury, and we think the evidence was sufficient to support the jury's answer.

We have separately considered each point presented by appellant and finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.