Max HERSH et ux., Appellants,

v.

H. E. BUTT GROCERY COMPANY, Appellee.

No. 13625.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1960.

Rehearing Denied Aug. 31, 1960.

Emanuel Gassman, San Antonio, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

BARROW, Justice.

This is a "slip and fall" case. The trial court granted defendant's motion for summary judgment and rendered a take nothing judgment against plaintiffs. Defendant's motion for a summary judgment was based on the proposition that, from the record before the court, consisting of the pleadings in the case, the depositions of four of defendant's employees and the affidavits and depositions of plaintiffs, Max

Hersh and wife, Bernice Hersh, and Mrs. Hersh's sister, Sarah Surtees, there was no genuine issue of material fact and that it is entitled to judgment as a matter of law.

Mrs. Hersh on the night of December 22, 1958, at about 8:00 o'clock, after shopping at an H. E. B. Grocery Store, in walking to her car, stepped out onto the sidewalk in front of the store, being a part of defendant's property, and her foot slipped or skidded, causing her to fall and sustain injuries. Plaintiffs alleged, in substance, that the slip and fall of Mrs. Hersh was caused by some greasy or slippery foreign substance which had been dropped or spilled on the sidewalk, and that defendant knew, or ought to have known of the existence of the condition of the sidewalk and of the danger to pedestrians. That defendant was negligent in failing to clear and clean said sidewalk of such slippery substance, and that such negligence was a proximate cause of such injuries and damages. In the alternative, plaintiffs plead the doctrine of res ipsa loquitur, which is not material to this decision.

The defendant answered by general denial and other pleas, and that the condition of the sidewalk was open and obvious. The defendant presented a motion and amended motion for summary judgment. The motion was answered by plaintiffs. The questions presented by the motion are: (1) Was Mrs. Hersh's fall caused by a slippery foreign substance on the sidewalk? (2) Had any such substance been on the sidewalk for such length of time that the defendant, its agents or employees, knew or should have known of its existence?

Upon the hearing of the motion the court had before it the pleadings in the case, the affidavits of Mrs. Bernice Hersh, her husband, Max Hersh, and her sister, Mrs. Sarah Surtees, together with the deposition of each of said witnesses. The court also had before it the affidavit and deposition of Jaime Perez Cano, an employee of defendant, and the depositions of Wallace Kneese, Hollis Boyd, and Juanita Davila, employees of defendant.

The underlying purpose of Rule 166–A, Texas Rules of Civil Procedure, was elimination of patently unmeritorious claims or untenable defenses; it did not intend to deprive litigants of their right to a full hearing on the merits of any real issue of fact. The burden of proving that there is no genuine issue of fact rests upon the party moving for judgment. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment, Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, and the party opposing the motion is entitled to the benefit of every reasonable inference which can properly be drawn in his favor. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233; Gulbenkian v. Penn, supra. In determining a motion dependent upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention. Gulbenkian v. Penn, supra; McDonald, Texas Civil Practice, Vol. 4, § 17.26, p. 1394. Moreover, it is not the province or duty of the court to weigh the evidence or determine its credibility and thus try the case on affidavits. Gulbenkian v. Penn, supra.

The question to be determined here is whether or not the evidence before the court is sufficient to raise the genuine material issues of fact charged in the motion to have been negatived by the affidavits and depositions.

The affidavit and deposition of Mrs. Hersh showed that on the occasion in question it was misting rain, and the sidewalk was darkened by the rain; that the interior of the store was brightly lighted and the exterior more dimly lighted; that when she

stepped out from the brightly lighted store to the more dimly lighted area, she did not see nor apprehend any danger until she slipped and fell. She was a regular customer at the store and had walked on the sidewalk many times, when it was wet and when it was dry; it was a good cement sidewalk, and she knew that a person walking on it at an ordinary gait would not slip on it, just because it was wet, without something slippery on the walk. After she fell she was in such pain that she did not examine the spot to see what caused her to fall.

Juanita Davila, an employee of appellee who helped put Mrs. Hersh in her car, showed by her deposition that she examined the place where Mrs. Hersh fell; that she could not see very well on account of a glare from the store lights on the wet sidewalk; that when she stood right over the place she could not see the skid mark, but when she got over to one side she could see it. It is undisputed that after Mrs. Hersh was injured her sister, Mrs. Surtees, was called and she took Mrs. Hersh to the hospital, and after treatment she took Mrs. Hersh home in her car.

Max Hersh, by his affidavit and deposition, showed that he was notified of his wife's injury and he went to the hospital and stayed there until Mrs. Hersh went home. He was in his car and his wife and Mrs. Surtees were in her car. They passed the H. E. B. store on their way home and both cars stopped at the store, which was closed at the time (about 10:30 that same night), and Mrs. Hersh pointed out the place where she fell. He turned his car in such a way that the lights shined on the place, and he and Mrs. Surtees examined it and found what they described as a "blotch" or "splotch" with a skid mark in it about two feet long. The blotch is described as oval in shape, about two feet in diameter, and was of sticky, slippery or gooey substance. He put his foot in the substance and it had a tendency to slip, whereas, the

wet sidewalk in other places was not slick. The affidavit and deposition of Mrs. Surtees substantially corroborated Mr. Hersh's statements.

Mr. Hersh further showed that early the next morning he went to get Mrs. Hersh's car which had been left at the store the night before. That he carefully examined the sidewalk, which had dried off, and again examined the spot with the skid mark. He found several other similar spots on the sidewalk and examined each of them. They were oily or greasy, looked like something oily or greasy had been spilled. It was dried up, but it was there. "It was dirty and nasty. Around the door, the corners, like around the door posts on both ends it was black from dirt, from nasty, filthy dirt." He did not know if the other "splotches" were of the same fluid, but the sidewalk was spotted and not cleaned up.

The statements of the store employees show that each morning the store on the inside is mopped, but the sidewalk on the outside is only swept off.

■ Applying the above stated rules, we think it is quite clear that a jury could properly infer from the evidence, that the dangerous condition of the sidewalk was not open and obvious to Mrs. Hersh on the night in question, and that the slippery spot or blotch had been there quite some time, or at least for a sufficient length of time for the defendant, its agents and employees, to know of its existence and of the dangerous condition, and to have removed the same. Hence these material issues were raised by the evidence and the trial court erred in granting the motion for summary judgment.

The judgment of the trial court is reversed and the cause remanded.

On Appellee's Motion for Rehearing.

Appellee on motion for rehearing has called our attention to the fact that since our original opinion, the Supreme Court has

refused writ of error in the case of Sherwood v. Medical & Surgical Group, Inc., Tex.Civ.App., 334 S.W.2d 520, 521, and strongly urges that the facts in that case are so similar to the facts in the instant case that the holding therein is controlling here. We do not agree.

The facts in the Sherwood case are, in our opinion, clearly distinguishable. In that case the office where Mrs. Sherwood slipped and fell was cleaned daily. There was no evidence of actual or constructive knowledge of the presence of the foreign substance on the floor, whereas in this case the deposition of one of appellee's employee's is that the floor inside the store is mopped daily, but the sidewalk is only swept off, and the deposition and affidavit of Max Hersh is that in addition to the spot where Mrs. Hersh fell there were several other similar greasy, sticky or gooey spots at various places on the sidewalk. In addition thereto, the general filthy condition of the sidewalk is relevant to the question of appellee's exercise of ordinary care to keep the premises in reasonably safe condition for its invitees. Moreover, these conditions are relevant on the question of how long these slippery spots had been there. A jury might well infer that all these slippery spots did not accumulate on the walk in so short a time before the accident that appellee's employees would not have had any knowledge thereof. Even if it is conceded, which we are not authorized to do, that the sidewalk is swept off each day, it is common knowledge that sweeping will not remove greasy substances. We remain of the opinion that from the evidence in the record a jury would be authorized to infer that the slippery spot had been there for a sufficient length of time for appellee, its agents and employees, to have known of its existence and to have removed it.

The motion is overruled.