**Charles D. WYCHE, Appellant,**

v.

**R. V. WORKS, Independent Executor, Appellee.**

**No. 16253.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 22, 1963.

Rehearing Denied Dec. 20, 1963.

Yarborough, Yarborough & Johnson, Dallas, for appellant.

Bowyer & Thomas, Dallas, for appellee.

BATEMAN, Justice.

This is a companion case to Works v. Wyche, 344 S.W.2d 193, err. ref. n. r. e. A reading of our opinion in that case will undoubtedly provide a better understanding of this opinion.

Both cases were based upon a written contract whereby, in consideration of $1,000, Wyche granted to R. V. Works, Trustee, an option to purchase two tracts of land for $93,000 and agreed that upon the exercise of the option by R. V. Works, Trustee, or his assigns, he would furnish a title policy and "pay the usual commission of 5% (five per-cent) on the purchase price to George W. Works and Company." In the former case R. V. Works, Trustee, and his principal, Indus-

trial Properties Corporation, alleged the exercise of the option and sought specific performance, which this court held on appeal they were entitled to.* The present suit was filed by George W. Works, doing business as George W. Works & Company, for the 5% commission provided for in the contract. He died during the pendency of the suit and R. V. Works, independent executor of his estate, was substituted as plaintiff. The plaintiff then moved for summary judgment under Rule 166–A, Vernon's Texas R.C.P. The trial court sustained the motion and rendered judgment for the full amount of the commission with interest thereon.

The appellant Wyche challenges that summary judgment here on the grounds that (a) there were certain genuine material issues of fact which, if resolved in his favor, would support a judgment in his favor, and (b) that the summary judgment deprived him of his legal right to a jury trial.

■ In determining whether any fact issues are in the case for jury determination, we must resolve all doubts as to the existence of fact issues against the appellee-movant. We must also accept as true all evidence of appellant and give him the benefit of every reasonable inference which properly can be drawn in his favor. Hersh v. H. E. Butt Grocery Co., Tex. Civ.App., 338 S.W.2d 174, err. ref. n. r. e.; McCauley v. Simmer, Tex.Civ.App., 336 S.W.2d 872, err. dism.; Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Lucky v. Fidelity Union Life Insurance Co., Tex. Civ.App., 339 S.W.2d 956, no writ. hist.

Appellant in his brief does not point out any genuine issue as to any material fact, and our search of the entire record fails to reveal any. The contract expressly obligates appellant to pay the commission sued for upon the exercise of the option. The option was exercised and this court has held that the purchaser was entitled to exercise it. Therefore appellant's liability appears to be established unless it is defeated under one or more of the legal defenses asserted in his answer and reply to the motion for summary judgment.

■ (1) The first such defense was that R. V. Works drew the contract sued on, but was not a licensed lawyer; that the contract was therefore illegal, being in violation of Sec. 17 of Art. 6573a, Vernon's Ann.Tex.St., and that neither George W. Works nor his son, R. V. Works, should be entitled to profit from the said illegal act of R. V. Works. This contention is without merit for two reasons: (a) the record shows that R. V. Works did not prepare the contract sued on, but that it was prepared by John M. Stemmons, President of the Industrial Properties Corporation, the undisclosed principal for which R. V. Works, Trustee, was acting in making the option contract; and (b) even if such a contract were prepared by one not a licensed lawyer, the validity of the contract would not be affected thereby.

■ (2) It was then asserted that there was no privity of contract between appellant and George W. Works, who never performed any services whatsoever for appellant, and that, therefore, the agreement to pay Works a commission is without consideration. This contention is also overruled. The contract is clear and unambiguous and specifically obligates appellant to pay this commission to George W. Works & Company in the event of exercise of the option. George W. Works did not need to agree to do anything for or on behalf of appellant; the consideration for appellant's promise to pay him the commission, in part at least, was the

*It developed on the trial that Wyche owned only one of the tracts. Our judgment granted specific performance as to that tract and damages for failure to deliver the other.

payment to appellant of $1,000 in cash for the option.

(3) It was next claimed that R. V. Works was illegally acting in the dual capacity of a real estate broker and undisclosed principal in the transaction, in violation of Sec. 16(12) of Art. 6573a, V.A.T.S. The statute mentioned gives the Texas Real Estate Commission the power to suspend or revoke a real estate broker's license when the licensee is determined to be guilty of "[a]cting in the dual capacity of Broker and undisclosed principal in any transaction." Appellant's contention in this respect is overruled because the facts do not show that R. V. Works was acting as an undisclosed principal in the transaction, but *for* an undisclosed principal. We are not aware of any legal prohibition thereof. Moreover the Act itself (Art. 6573a, Sec. 16) provides that it "shall not be construed to relieve any person or company from civil liability." Even if a violation were shown, therefore, appellant would not thereby have been relieved of his liability under the contract. Borger v. Brand, 131 Tex. 614, 118 S.W.2d 303; Lyons v. Texorado Oil & Gas Co., Tex.Civ.App., 91 S.W.2d 375, err. ref.

(4) Appellant then contended that R. V. Works defrauded him by not revealing (a) that George W. Works & Company was only a trade name of his father, George W. Works, and (b) that George W. Works & Company had nothing to do with the transaction and option contract, averring that if these facts had been revealed to him he would not have signed an option contract providing for a commission to George W. Works & Company. R. V. Works owed no duty to volunteer to appellant the information that George W. Works & Company was only a trade name of his father, George W. Works; and he is not charged with any misrepresentations in this respect. Moreover, the fact that George W. Works in person had nothing to do with the transaction involved is wholly immaterial. R. V. Works was shown to be employed by or working with his father, George W. Works, who did a real estate brokerage business under the name of George W. Works & Company, and it is quite apparent from this record that R. V. Works was acting as a broker. There is nothing illegal or fraudulent in his doing so, and appellant will not be heard at this late date to say that he would not have signed the option contract if he had known these facts.

We hold therefore that there were no genuine issues of material facts, and that the undisputed evidence entitled appellee to the judgment he received. In the absence of controverted fact issues, there was nothing to submit to a jury and appellant cannot properly say that he was deprived of his constitutional right to a jury trial. Both of his points of error are accordingly overruled.

Affirmed.