PLAINS STEEL BUILDINGS, INC.,
Appellant,

v.

Melvin MATHIS, dba Mathis Electric Co.,
Appellee.

No. 7970.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 15, 1969.

Rehearing Denied Oct. 20, 1969.

Vickers, Garner & Walters, Lubbock, for appellant.

Gillespie & McClendon, Lubbock, for appellee.

NORTHCUTT, Justice.

The plaintiff, Melvin Mathis, dba Mathis Electric Co. brought suit against the defendant, Plains Steel Buildings, Inc. to recover moneys alleged to be due and payable for electrical supplies furnished and labor performed. The defendant, as general contractor, had entered into a contract with Texas Distributors, Inc. to perform certain work in the City of Lubbock, and defendant then entered into a subcontract with plaintiff to furnish the necessary electrical materials and perform labor required for the job. The case was tried to the court without a jury and judgment was granted in favor of the plaintiff. There is no statement of facts in the record and neither is there any question as to the sufficiency of the evidence to sus-tain the findings of fact as found by the court. The parties here involved will hereafter be referred to as they were in the trial court.

The reason defendant refused to pay the plaintiff and the sole issue here involved is as expressed in defendant's points of error herein as follows:

"FIRST POINT: The Trial Court erred in awarding judgment for $5,041.20 based upon an electrical contract between the parties performed in the City of Lubbock by an unlicensed electrician who did not furnish bond as required or secure work permit required by the Electrical Code of the City of Lubbock, for the reason that the contract was illegal.

SECOND POINT: The Plaintiff's contract to perform electrical work, and furnish electrical materials on the 'Texas Distributors' job within the city limits of Lubbock, he being the sole owner and unable to secure required electrical permit because of his failure to have necessary license or bond in the City at the time of entering into the contract and performing the work, was illegal because clearly forbidden by the Electrical Code of the City of Lubbock."

Concerning the points here involved, we believe the following portions of the findings of fact by the court are all that is necessary to quote where the court found:

"On June 12, 1967, the Plaintiff, MELVIN MATHIS d/b/a MATHIS ELECTRIC COMPANY, entered into a written sub-contract with the Defendant, PLAINS STEEL BUILDINGS, INC., to furnish materials and labor on the 'Texas Distributors' job in Lubbock, Texas, for the contract price of $4,880.00.

Pursuant to such contract dated June 12, 1967, certain 'Change Orders' were authorized and contracted for on said 'Texas Distributors' job in the total amount of $161.20. The total sum of

the basic contract and 'Change Orders' on such 'Texas Distributors' job is $5,041.20.

A licensed and bonded Master Electrician, Mike Temple, acting for and in behalf of Plaintiff, MELVIN MATHIS, d/b/a MATHIS ELECTRIC COMPANY, secured an electrical permit for such 'Texas Distributors' job and supervised all work done thereon in substantial compliance with the requirements of the Electrical Code of the City of Lubbock, Texas, and the work done on such job passed all electrical inspections imposed and conducted by the said City of Lubbock by and through its duly authorized officials and employees and that all work done and materials furnished on said job complied in all essential respects with applicable City Ordinances and with safety standards required in the City of Lubbock, Texas. The Defendant, PLAINS STEEL BUILDINGS, INC., accepted the work done and materials furnished as being satisfactory and such work done and materials furnished on said 'Texas Distributors' job was carried out and approved in accordance with accepted standards and customary practices in such matters in the City of Lubbock, Texas, and that the Defendant was familiar with all of such standards and practices at the time of its approval and acceptance of the job upon completion thereof by the Plaintiff."

Defendant's sole contention is that the trial court erred in granting judgment for plaintiff because the contract was void and illegal for the reason that plaintiff could not secure the required permit to perform the electrical work as he could not have received a license or given bond required by the Lubbock City Code. The defendant entered into the contract with plaintiff to do the work. It is not claimed that a permit was not secured from the City to permit the construction of the work done nor that a proper bond was not given. There is no contention that Mike Temple, who received the permit and made the proper bond in acting for plaintiff, was not entitled to receive the permit from the City as was done in this case. There is no contention that the plaintiff was not qualified to do the work other than he did not have a master's license in the City of Lubbock. Where the illegality does not appear on the face of the contract it will not be held void unless the facts showing its illegality are before the court. Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146. Under this record a license was procured and a bond given satisfying the City of Lubbock, the work was performed and approved and accepted by the defendant.

There is no intention disclosed in the terms of the contract itself that the work was to be performed without obtaining a permit. The courts have often held where contracts can be performed in a legal manner as well as in an illegal manner, it will not be declared void because it was in fact performed in an illegal manner. Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146. However, in the case at bar, we have not been shown that the manner of performance of the contract here involved was illegal.

It is stated in Comeaux v. Mann, 244 S.W.2d 274 (writ dismissed) as follows:

"If the contract as made could have been performed in a legal manner, the courts will not declare it void and unenforceable because it may have been performed in an unlawful manner. Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808; Borger v. Brand, 131 Tex. 614, 118 S.W. 2d 303; Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Carras v. Birge, Tex. Civ.App., 211 S.W.2d 998, error ref, n. r. e.; 10 Tex.Jur. p. 187, Sec. 108; 12 Am. Jur. p. 647, Sec. 153. We conclude the contract as made was enforceable."

We are of the opinion, and so hold, that the trial court was correct in granting a judgment for the plaintiff and overrule the defendant's contention that the contract was illegal. Judgment of the trial court is affirmed.