[Civ. No. 31173.   Second Dist., Div. One.   Dec. 6, 1967.]

ROSA P. CROCE, Plaintiff and Appellant, v. LOU SANCHEZ, Defendant and Respondent.

Rosa P. Croce, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

LILLIE, J.—Appellant appearing in propria persona has filed a document designated "appellants, reply brief." It fails to comply with the requirements of the rule relating to form and content of briefs (rule 15(a), Appellate Rules, California Rules of Court) and is entirely unintelligible. While encumbered with a language barrier, appellant nevertheless has made her argument on her testimony given in a previous case in which she was plaintiff (Croce v. Ryan, No. 717307) and an excoriation of the trial judges in both cases and the attorneys who represented her in each, abundantly clear. Respondent has filed no brief. Inasmuch as the record herein includes neither a transcript of the testimony taken at the trial nor the exhibits received in evidence, to aid us in a determination of this appeal we have ordered brought up from the court below and examined the superior court file in the within cause (*Croce* v. *Sanchez*) and plaintiff's exhibits received in evidence at the trial thereof—original superior court file in Croce v. Ryan, No. 717307 (Exh. 1) and reporter's transcript of testimony taken in Croce v. Ryan, No. 717307 (Exh. 2).

The foregoing reflects the history of the within litigation. On February 17, 1959, Rosa P. Croce filed against the estate of Rada O. Randall an action for damages for personal injuries entitled Croce v. Ryan, No. 717307. In her complaint she alleged in her first cause of action that she was employed to and did work as a housekeeper and practical nurse for the deceased Rada O. Randall from November 1957 to May 15, 1958; that Rada suffered from various infectious diseases (not specified in the pleadings or in plaintiff's testimony at the trial); that in the course of her employment Rada caused her to handle linens, dishes, and so forth, used by Rada in her illness and that as a proximate result thereof and Rada's negligence and carelessness in this regard she became infected

with the disease to her damage in the sum of $15,000. Plaintiff's second cause of action was based upon fraud; she alleged that through fraudulent and false representations by Rada that she had neither an infectious nor contagious disease, she was induced to and did care for Rada. At the trial of the cause plaintiff testified; no other evidence was taken on her behalf. Defendant offered no defense. On June 7, 1963, judgment was entered against plaintiff and in favor of defendant based upon findings of fact and conclusions of law in which the trial judge found no liability and no damages on both causes of action. Thereafter on June 23, 1963, Lou Sanchez, her then counsel, filed Clerk's Notice to Prepare Transcrit and Designation of Papers and Records on Appeal.

On October 8, 1964, Rosa P. Croce filed a complaint for damages against Lou Sanchez, attorney at law, for malpractice. She alleged that on June 10, 1963, she hired him to represent her in an appeal from the judgment entered against her in Croce v. Ryan, No. 717307, and paid him $560 therefor; that he negligently failed to comply with the rules on appeal resulting in a dismissal of the appeal on respondent's motion on August 28, 1963; that as a proximate result of his negligent omissions and the dismissal of her appeal she was deprived of her legal rights to have appellate review of her case; that when she retained defendant to appeal her case her rights therein were still intact; that in the superior court action (Croce v. Ryan, No. 717307) she sued for $15,000 and as a proximate result of defendant's negligent failure to perfect the appeal from the judgment therein she has been damaged in the sum of $15,000, the value of her superior court claim. She prayed for $15,000 damages and $15,000 punitive damages.

On October 26, 1964, defendant Sanchez filed his answer. At the pretrial at which plaintiff was represented by Henry M. Luppi it was agreed between him and defendant that plaintiff had paid $560 to defendant on June 10, 1963. The cause was set for trial and called on May 9, 1966. Defendant did not appear for trial and the matter was heard as a default. Plaintiff testified on her own behalf; admitted in evidence as her Exhibits 1 and 2 were the superior court file in case No. 717307, and a group of receipts showing payment of $560. The court ordered judgment for plaintiff for $560 plus interest. Later the same day, May 9, 1966, the trial judge was advised for the first time that plaintiff had requested a jury for which she had deposited jury fees, and that no waiver of trial by

jury had been made pursuant to section 631, Code of Civil Procedure. Thus, the trial court vacated and set aside the judgment and ordered the trial of the action before a jury on May 27, 1966.

On May 27, 1966, plaintiff and her counsel and defendant were present. The trial proceeded first on the legal issue of whether an appeal of defendant's original case, Croce v. Ryan, No. 717307, would have resulted in a reversal of the judgment. After reviewing both superior court files (Croce v. Ryan and Croce v. Sanchez) and reading the reporter's transcript of the proceedings in Croce v. Ryan, the trial judge determined as a matter of law that plaintiff's appeal if perfected would not have resulted in a reversal of the judgment. Therefore, the court found that plaintiff was not entitled to a jury trial on the issue of damages. Pursuant to stipulation of both counsel the court found that plaintiff was entitled to the amount advanced by her as attorney's fees paid to defendant for taking the appeal. Findings of fact and conclusions of law were waived. On June 1, 1966, judgment was entered for plaintiff in the sum of $560 plus interest, against defendant. It is from this judgment plaintiff appeals.

The appeal appears to have been brought on the judgment roll; no reporter's transcript of the oral proceedings at the trial is included in the record. In the document appellant has designated as her brief she has framed no appellate issue; however, we have reviewed the original superior court file in both cases and the reporter's transcript in her first cause and find nothing requiring a reversal herein. The record establishes no error of the judge at the trial in proceeding first on the legal issue whether an appeal of her original case (Croce v. Ryan, No. 717307) would have resulted in a reversal of the judgment. This issue was one which could not be submitted to a jury, and no objection appears to have been taken to the manner in which the trial court proceeded. In the light of the general rule that all intendments and presumptions are indulged in support of the judgment we assume that the issue was first submitted to the court with the consent of plaintiff.

As to the propriety of the trial judge's determination as a matter of law that plaintiff's appeal in Croce v. Ryan if perfected would not have resulted in a reversal of the judgment, and his finding that plaintiff was not entitled to a jury trial on the issue of damages, all that is necessary to support the same is a review of the pleadings and the testimony taken at the trial of Croce v. Ryan, No. 717307. The reporter's

transcript (Exh. 2) speaks eloquently of the failure of plaintiff to establish any element of liability or damage, and the trial court so found. (Findings of Fact and Conclusions of Law). Thus herein, the trial judge properly found that there was no issue of damages for a jury to decide.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1968.