JABLONSKI *v.* HIGGINS ET AL.

(No. 32152—Decided June 14, 1983.)

Court of Common Pleas of
Cuyahoga County.

*Mr. Donald Weisberger,* for plaintiff
Kenneth S. Jablonski.

*Mr. Mark O'Neill,* for defendant
Timothy Ludick.

*Mr. George W. Stuhldreher,* for defendant John H. Higgins.

JAMES J. MCMONAGLE, J. This case is before this court on both defendants' motions for summary judgment and the cross-motion for partial summary judgment filed on behalf of the plaintiff. In support of the plaintiff's motion for summary judgment, there is attached an affidavit of an expert witness, and the defendants on their motions have attached affidavits of their respective clients. Also filed with the court are the pleadings, transcripts, findings, judgments, and briefs in case No. D-9551 in the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations.

The defendants in this case are two attorneys who formerly acted as counsel to the plaintiff herein when he was a defendant in a domestic relations action in which his former wife sought a judgment for overdue and unpaid support payments. The domestic relations court heard testimony on the issues of the husband's alleged indebtedness, made findings of fact and conclusions of law, and entered judgment against the defendant and in favor of his former wife in the sum of $17,210. An appeal was taken from the court's judgment but the notice of appeal was not filed within thirty days after the journalization of the domestic court judge's entry.

Plaintiff herein now brings this action against his former lawyers contending that the court of appeals would have reversed the judgment if the appeal had been timely filed and requesting damages in the amount of $50,000, which is composed in part of $17,210, the amount ordered that he pay in the domestic relations case, and $10,000 representing additional attorney's fees that will become due and owing as the plaintiff defends himself against the judgment.

The defendants' motions for summary judgment state that as a matter of law, the court of appeals would not have reversed the judgment, and that, accordingly, no issue of proximate cause or damages exists for the jury in this action. The plaintiff's position is that there does not exist any genuine issue as to any material fact as to defendants' liability and that partial summary judgment be entered on that issue in his favor and the trial proceed on damages only.

Civ. R. 56 (C) provides the appropriate guidelines for the granting for summary judgment. Civ. R. 56 (C) states as follows:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. *Summary judgment shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, *show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* No evidence or stipulation may be considered except as stated in this rule. *A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such*

*party being entitled to have the evidence or stipulation construed most strongly in his favor.* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)

The standard to which attorneys are held responsible is stated in 7 American Jurisprudence 2d (1980) 253, Attorneys at Law, Section 205:

"* * * [n]egligence of an attorney in failing to take proper steps to protect his client's right of appeal or review has been held actionable where, as a result, the right of appeal was lost. But it has been held that charges of negligence in failing to obtain appellate review or a new trial after an unfavorable judgment or verdict below would not support a verdict against the attorney in the absence of a showing that if the appeal or new trial had been obtained a judgment more favorable to the plaintiff would have resulted * * *."

Failure to timely file a notice of appeal in a civil case will prevent a court of appeals from obtaining jurisdiction. *Bosco v. Euclid* (1974), 38 Ohio App. 2d 40 [67 O.O.2d 209]. Accordingly, the plaintiff's motion for partial summary on liability is granted. This ruling, however, *does not* resolve the issues here.

The next question this court must address is the legal issues raised in the defendants' motions for summary judgment. In order to demonstrate the distinction between appellate malpractice and trial level malpractice wherein a lawyer

negligently does not timely file the case, it is necessary to examine the legal malpractice issue briefly.

The elements of a legal malpractice were stated in *Long v. Bowersox* (C.P. 1909), 19 Ohio Dec. 494, 500-501, 8 Ohio N.P.(N.S.) 249, and substantially are as follows:

1. There was an attorney-client relationship.

2. There were sufficient facts to show that the attorney's alleged misconduct caused the plaintiff's injury.

3. The attorney had breached his duty to provide competent legal services.

4. The damages which the plaintiff sustained were the proximate result of the attorney's alleged misconduct.

In order for a plaintiff to recover more than nominal damages, it must be affirmatively shown that the plaintiff possessed a valid claim or defense. The procedural tool for demonstrating trial level malpractice has been given the popular name of a "suit within a suit." See *Western & Southern Life Ins. Co. v. Selzer* (1912), 23 Ohio C.C.(N.S.) 104, 34 Ohio C.D. 146, affirmed without opinion (1912), 90 Ohio St. 411. This device is *not* what is followed when dealing with appellate malpractice.

The proper procedure was laid out in the case of *Spangler v. Sellers* (C.C. S.D. Ohio 1881), 5 F. 882, wherein the burden was placed on the plaintiff to prove that if an appeal had been perfected, a reversal or a more favorable judgment would have resulted.[1] This is a question of law for the

---

[1] For similar results, see the following cases: *Malan v. Riemenschneider* (Aug. 26, 1977), Cuyahoga C.P. No. 956828, unreported (James J. McMonagle, J.); *Neebuhr v. Axner* (Jan. 9, 1980), Summit App. No. 9421, unreported; *Gillion v. Tieman* (1980), 86 Ill. App. 3d 147, 407 N.E. 2d 1146, 1148-1149; *Dings v. Callahan* (1979), 4 Kan. App. 2d 36, 602 P. 2d 542, 543-544; *Gen. Acc. Fire & Life Assur. Corp. v. Cosgrove* (1950), 257 Wis. 25, 42 N.W. 2d 155, 157; *Chicago Red Top Cab Assn. v. Gaines* (1977), 49 Ill. App. 3d 332, 333-334, 364 N.E. 2d 328; *C/M of Baton Rouge, Inc. v. Wood* (La. App. 1976), 341 So. 2d 1181; *Pusey v. Reed* (Del. Super. 1969), 258 A. 2d 460; *Kilmer v. Carter* (1969), 274 Cal. App. 2d 81, 82, 87-88, 78 Cal. Rptr. 800; *Pete v. Henderson* (1954), 124 Cal. App. 2d 487, 491, 269 P. 2d 78, 45 A.L.R. 2d 58; *Bryant v. Seagraves* (1974), 270 Ore. 16, 18, 526 P. 2d 1027; 7 American Jurisprudence 2d (1980), Attorneys at Law, Section 204; Mallen & Levit, Legal Malpractice (2 Ed. 1981), Section 583; Meiselman, Attorney Malpractice: Law and Procedure (1980), Section 15:3.

trial judge, as opposed to a question of fact for a jury, to determine.

The logic for this procedure rests upon proof of the legal theory of proximate causation, *i.e.,* whether, *but for* the negligence of the defendant, the plaintiff would presently be in a more favorable position. The experts' opinions attached to the motions, even though they are in affidavit form, essentially constitute legal arguments akin to appellate briefs.

When a legal malpractice case is in this posture, the courts historically have been hesitant to permit juries to act as courts of appeals, state supreme courts, or even the United States Supreme Court. Consequently, this procedure results in duplication of lawsuits,[2] but is consistent with the basic structure of our system of jurisprudence. The apparent irony, however, is that the attorney now attempts to show that his previous client's appeal would have failed even though he may have accepted the duty of pursuing it. This, though, is the practice of law, where competent people have different views on the same subject.

The motions for summary judgment which have been filed in this case do not dispose of all the issues of liability, proximate cause and damage. Even if the court would rule in favor of the defendants on the basis of *Spangler* v. *Sellers, supra,* there still may be an issue of nominal damages. Therefore, in order to narrow the issues and implement the above-stated procedures for ruling on the remaining motions for summary judgment, this court orders that parties follow the Ohio Rules of Appellate Procedure and the Local Rules of the Eighth Appellate District in order to identify the claimed assignment of errors in case No. D-9551.

The jurisdictional time limits shall commence from the date of the filing of this entry.

*Judgment accordingly.*

---

[2] It has been suggested that to allow appellate courts to hear these cases as belated appeals would solve this problem. See Comment, Attorneys' Negligence: The Belated Appeal (1967), 2 Val. U.L. Rev. 141, 145.