Stephane G. MILLHOUSE, II,
Appellant,

v.

Ronald G. WIESENTHAL, Appellee.

No. 01–87–01002–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 18, 1988.

Rehearing Denied Sept. 22, 1988.

Jimmy G. Williamson, Houston, for appellant.

Allister M. Waldrop, Lilliam M. Flurry, Houston, for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in a legal malpractice action granted in favor of the appellee, Ronald G. Wiesenthal ("Wiesenthal"), against appellant, Stephane G. Millhouse, II ("Millhouse"). Millhouse sued his former attorney, Wiesenthal, alleging that he negligently failed to timely file a statement of facts in an appeal, *Millhouse v. Christopherson*, No. 01–82–0004–CV (Tex.App.— Houston [1st Dist.], Feb. 3, 1983, writ ref'd n.r.e.) (unpublished), after an adverse judgment was entered in the trial court.

Wiesenthal moved for summary judgment contending that, in suits involving the alleged negligent handling of an appeal, the trial court, and not the jury, must decide if the outcome of an appeal would have been different but for the alleged negligence. In granting summary judgment, the trial court found that Wiesenthal's negligence, if any, in failing to timely file the statement of facts in the appeal of *Millhouse v. Christopherson*, was not the proximate cause of Millhouse's loss of that case on appeal.

In his first point of error, Millhouse contends that the trial court erred in holding that the issue of proximate cause was a question of law rather than fact.

The judgment adverse to Millhouse in the original bench trial resulted from the trial court's finding that Millhouse, as seller of real property and drafter of the real estate documents, defrauded James R. Christopherson, the purchaser, by not disclosing the existence of a pre-existing $214,000 first lien on the property, in violation of

Tex.Bus. & Com.Code Ann. sec. 27.01 (Vernon 1968).[1] This section provided that:

(b) A person who makes a false representation or false promise, and a person who benefits from that false representation or false promise, commit the fraud described in Subsection (a) of this section and are jointly and severally liable to the person defrauded for actual damages. The measure of actual damages is the difference between the value of the real estate or stock as represented or promised, and its actual value in the condition in which it is delivered at the time of the contract.

(c) A person who willfully makes a false representation or a false promise, and a person who knowingly benefits from a false representation or false promise, commit the fraud described in Subsection (a) of this section and are liable to the person defrauded for exemplary damages not to exceed twice the amount of actual damages.

Christopherson purchased the property in May of 1979 and executed a note for $80,000. He made five payments totalling $4,432.50 and spent $3,000 on improvements. Christopherson defaulted on the note after he learned of the pre-existing $214,000 first lien. Millhouse allegedly refused to remove the lien unless Christopherson paid him $80,000. Millhouse exercised his right of foreclosure under the note and vendor's lien and purchased the property himself at the foreclosure sale for $54,000.

Christopherson testified that he was not aware of the lien's existence prior to purchase and, if he had known, he would not have purchased the land. Millhouse admitted that he should have included the existence of the lien in the warranty deed, which he prepared.

The trial court found that Millhouse, also an attorney, had committed fraud as defined in section 27.01 by failing to disclose the existence of the lien. The trial court found that the property was worth $68,252 (the purchase price of $80,000 less the $11,-748 that Millhouse paid Christopherson for finishing the duplex on the property), but that its actual value was zero in light of the $214,000 first lien. Christopherson was awarded the statutory measure of damages, $68,252 less an offset of $32,709.49 for the net deficiency after foreclosure. The trial court also awarded Christopherson $68,252 in exemplary damages against Millhouse.

Wiesenthal gave notice of appeal for Millhouse, ordered a transcript from the clerk, and ordered a statement of facts from the court reporter. The court reporter failed to prepare the record within the required time, and Wiesenthal filed a motion for extension of time after the expiration of the statutory time period. This Court held that we had no authority to consider an untimely filed motion for extension of time for filing a statement of facts in *Millhouse v. Christopherson*, No. 01–82–0004–CV (Tex.App.—Houston [1st Dist.], Feb. 10, 1983, writ ref'd n.r.e.) (unpublished).

The issue in the present appeal, whether Wiesenthal's failure to file the statement of facts in *Millhouse v. Christopherson* was the proximate cause of any damage to Millhouse, was determined to be a question of law by the trial court. Although the courts in Texas have not previously addressed this issue, other jurisdictions have held that the decision must be made by the trial judge as an issue of law, based on a review of the transcript and the record of the underlying action. *See, e.g., Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn,* 568 F.Supp. 371, 374 (E.D.La. 1983), *aff'd,* 835 F.2d 286 (5th Cir.1987); *Molever v. Roush,* 152 Ariz. 367, 732 P.2d 1105 (Ariz.App.1987); *Floyd v. Kosko,* 285 S.C. 390, 329 S.E.2d 459 (S.C.App.1985); *Daugert v. Pappas,* 104 Wash.2d 254, 704 P.2d 600, 604 (1985); *Hyduke v. Grant,* 351 N.W.2d 675 (Minn.App.1984); *Burk v. Burzynski,* 672 P.2d 419 (Wyo.1983); *Stafford v. Garrett,* 46 Or.App. 781, 613 P.2d 99 (1980); *Dings v. Callahan,* 4 Kan.App.2d 36, 602 P.2d 542 (1979); *Lewandowski v.*

---

1. Act of June 14, 1967, ch. 785, sec. 1, 1967 Tex.Gen. & Spec.Laws 2343, 2603, *amended by* Act of June 19, 1983, ch. 949, secs. 1, 2, 1983 Tex.Gen. & Spec.Laws 5208.

*Continental Casualty Co.*, 88 Wis.2d 271, 276 N.W.2d 284 (1979); *Chicago Red Top Cab Assoc., Inc. v. Gaines*, 49 Ill.App.3d 332, 7 Ill.Dec. 167, 364 N.E.2d 328 (1977); *Croce v. Sanchez*, 256 Cal.App.2d 680, 64 Cal.Rptr. 448 (1967), *cert. denied*, 391 U.S. 927, 88 S.Ct. 1827, 20 L.Ed.2d 666 (1968); *Katsaris v. Scelsi*, 115 Misc.2d 115, 453 N.Y.S.2d 994 (N.Y.Sup.Ct.1982).

Millhouse attempts to distinguish these decisions of foreign jurisdictions by asserting that the State of Texas provides a constitutional right to trial by jury on every cause of action, Tex.Const. art. V, sec. 10, unlike many of the jurisdictions cited by Wiesenthal. However, all of the states cited above have a constitutional right to trial by jury.

We, likewise, reject Millhouse's public policy argument that we would be creating new law, contrary to the state constitutional right to trial by jury, and violative of the rule established by a long line of cases that hold that proximate cause is a question of fact. Texas trial courts and lower courts of appeals, in turn, make many first decisions of issues that have not been resolved previously.

We hold that, as a matter of law, the trial court must decide whether an outcome of an appeal would have been different but for the alleged negligence of an attorney.

Point of error one is overruled.

In his second and third points of error, Millhouse asserts that the trial court erred in granting summary judgment because the outcome of the *Millhouse v. Christopherson* appeal would have been different if a statement of facts had been filed. Specifically, he contends that: (1) there is no evidence or insufficient evidence to support the trial court's actual damage award of $68,252; (2) the trial court used an improper method to assess actual damages, and it was impossible to review the methodology without a statement of facts; (3) there was no evidence or insufficient evidence to support the punitive damage award; and (4) the punitive damage award was in excess of the amount allowed by statute.

We note that, on this Court's consideration of the appeal without the statement of facts, we were able to review the measure of damages as a matter of law because the underlying dollar amounts were set forth in the trial court's findings of facts and conclusions of law; our opinion held that the trial court applied the correct measure of damages. *Millhouse v. Christopherson*, No. 01–82–0004–CV at 4.

In determining a no evidence point of error, we are to consider only the evidence and inferences that tend to support the finding, and we are to disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex. 1985). When reviewing insufficiency of the evidence, we are required to consider and weigh all of the evidence, both in support of and contrary to the challenged finding. The finding must be upheld unless we find that the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ First, we must determine whether there was sufficient evidence to uphold the $68,252 finding of actual damages and whether the trial court applied the correct method to calculate Christopherson's damages. Millhouse urges this Court to construe section 27.01 on the basis of the amount that Christopherson had invested in the property. Because Christopherson invested only $7,432.50 in the property, Millhouse contends that this is the maximum actual damage award that he could have recovered. The remedy that Millhouse argues for is a recision of the sale and the note obligation, a remedy that would not be penal in nature, as was intended by section 27.01. *See American Title Ins. Co. v. Byrd*, 384 S.W.2d 683 (Tex.1964).

■ The statute clearly states that actual damages are to be calculated by measuring the value of the real estate as represented or promised and its actual value in the condition in which it was delivered at the time of the contract. Tex.Bus. & Com. Code Ann. sec. 27.01(b) (Vernon 1968). There is sufficient evidence to support the

trial court's finding that the value of the property as represented was $68,252. The property was purchased for $80,000 less the $11,748 paid by Millhouse to Christopherson for finishing the duplex. This amount was also reduced by an offset of $32,709.49, the amount awarded to Millhouse in a deficiency suit. The finding of the actual value of zero was also supported by the evidence in light of the $214,000 lien. *See Ingalls v. Rice*, 511 S.W.2d 78, 80 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

Millhouse also asserts that the evidence was insufficient to support the trial court's award of exemplary damages. This assertion is based on Millhouse's construction of section 27.01, under which he would allow actual damages in the amount of Christopherson's investment. This construction is erroneous and not supported by the statute itself.

■ Punitive damages are allowed if a person "willfully" makes a false representation and benefits from that representation. Tex.Bus. & Com.Code Ann. sec. 27.-01(c) (Vernon 1968). The record reflects that Millhouse knew of the existence of the first lien and, knowing that he could not convey good title, nevertheless entered into a contract with Christopherson. Christopherson stated that he would not have entered the contract if he had known of the existence of the lien, that he ultimately demanded that it be removed, and that Millhouse declined to remove it unless Christopherson paid the full contract price. Millhouse benefitted from the money that Christopherson gave him, and if Millhouse had defaulted on the first lien, Christopherson would have lost his property in a foreclosure to satisfy Millhouse's debt. Moreover, Millhouse, an attorney, drafted all the real estate documents in the transaction and promised Christopherson that he would provide a title insurance policy. The evidence is sufficient to establish that Millhouse acted "willfully" and "knowingly benefitted" from the transaction.

Because we have held that actual damages were proper and supported by the evidence, and because the punitive dam-

ages do not exceed two times the actual damages as provided by section 27.01, we find that the evidence was sufficient to support the trial court's award of punitive damages.

Points of error two and three are overruled.

■ Millhouse's fourth point of error contends that the trial court erred in granting summary judgment because if the statement of facts had been filed in *Millhouse v. Christopherson* the appellate court would not have awarded Christopherson any damages because, as a matter of law, he was on notice of the pre-existing lien recorded in the real property records.

This issue was not expressly presented to the trial court by Millhouse's written response, and therefore cannot be considered on appeal as grounds for reversal. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 674–75 (Tex.1979). Because this point of error was waived, we need not address it. However, were the point to be considered, it would be decided adversely to Millhouse's position. The Supreme Court of Texas has ruled in *Ojeda De Toca v. Wise*, 748 S.W.2d 449 (Tex. 1988), that imputed notice under real property recording statutes is not a defense to a fraud action.

Point of error four is overruled.

The summary judgment is affirmed.