G. Stefane MILLHOUSE II, Petitioner,

v.

Ronald G. WIESENTHAL, Respondent.

No. C–8063.

Supreme Court of Texas.

April 19, 1989.

Rehearing Denied June 7, 1989.

Jimmy Williamson, Doherty & Williamson, Houston, for petitioner.

Allister M. Waldrop and Lillian M. Flurr, Baker & Botts, Houston, for respondent.

COOK, Justice.

This case presents the question of whether the determination of causation in an appellate legal malpractice case is a question of law or a question of fact. This is an issue of first impression in Texas. G. Stefane Millhouse II[1] brought suit against his former attorney, Ronald G. Wiesenthal, for damages caused by Wiesenthal's failure to timely file a statement of facts with the court of appeals in an earlier case in which Wiesenthal had represented Millhouse. The trial court granted Wiesenthal's motion for summary judgment, concluding as a matter of law that Wiesenthal's failure to file the statement of facts in the earlier case was not the cause of Millhouse's loss of that case on appeal. The court of appeals affirmed the judgment of the trial court. 757 S.W.2d 103. We affirm.

In May 1979 Millhouse sold a tract of property to James Christopherson for $80,000. Shortly thereafter Christopherson discovered that Millhouse had failed to disclose an outstanding first lien on the property for $214,000. Christopherson then stopped making mortgage payments to Millhouse, and Millhouse foreclosed on the property.

Christopherson sued Millhouse for fraud in the sale and Millhouse sued Christopherson for the deficiency remaining after the foreclosure sale. These two actions were consolidated and tried to the court. Wiesenthal represented Millhouse in the consolidated action. The trial court rendered

1. The court of appeals erroneously listed the petitioner's name as Stephane G. Millhouse II.

judgment in favor of Christopherson and awarded damages, finding that Millhouse had committed fraud.

Wiesenthal gave timely notice of appeal and ordered a transcript and statement of facts, but the court reporter failed to prepare the statement of facts within the required time. Wiesenthal then filed an untimely motion for extension of time to file the statement of facts, which the court of appeals overruled. Basing its review on the transcript in the case, the court of appeals affirmed the judgment of the trial court. *Millhouse v. Christopherson*, No. 01–82–0004–CV (Tex.App.—Houston [1st Dist.] Feb. 10, 1983, writ ref'd n.r.e.) (unpublished opinion).

Millhouse, who is himself an attorney, then brought suit against Wiesenthal, his attorney in the original fraud case, alleging that Wiesenthal negligently failed to file the statement of facts in the underlying action. Wiesenthal filed a motion for summary judgment, claiming that Millhouse failed to establish causation. Wiesenthal argued that the determination of causation in an action for appellate legal malpractice is a question of law. The trial court agreed. After reviewing the entire record in the underlying action, including the statement of facts, the trial court granted Wiesenthal's motion for summary judgment. Millhouse appealed and the court of appeals affirmed the judgment of the trial court. 757 S.W.2d 103. We granted Millhouse's application for writ of error on the sole issue of whether causation in cases of appellate legal malpractice should be determined as a question of law or a question of fact.

The determination of proximate cause is usually a question of fact.[2] *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 313–14 (Tex.1987). This is true in legal malpractice actions as well. In cases of appellate legal malpractice, however, the determination of causation requires determining whether the appeal in the underlying action would have been successful. The plaintiff must show that but for the attorney's negligence the client would have prevailed on appeal. *See Jackson v. Urban, Coolidge, Pennington & Scott*, 516 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); 2 R. Mallen & J. Smith, *Legal Malpractice* § 24.39, at 536–37 (3d ed.1989). The rationale for requiring this determination is that if the appeal would not have succeeded and the trial court judgment would have been affirmed, the attorney's negligence could not have caused the plaintiff any damage. On the other hand, if the appeal would have succeeded in reversing the trial court's judgment and obtaining a more favorable result, then the plaintiff sustained damage because of the attorney's negligence.

The trial court in the instant case decided that the determination of causation in this appellate legal malpractice case was a question of law, and the court of appeals, noting that this issue had not previously been addressed by Texas courts, agreed. The courts in other jurisdictions that have considered this issue have consistently concluded that the determination of causation in an appellate legal malpractice case is a question of law. *Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn*, 568 F.Supp. 371, 374 (E.D.La. 1983) (applying Louisiana law), *aff'd*, 835 F.2d 286 (5th Cir.1987); *Phillips v. Clancy*, 152 Ariz. 415, 421, 733 P.2d 300, 306 (Ariz. Ct.App.1986); *Croce v. Sanchez*, 256 Cal. App.2d 680, 683, 64 Cal.Rptr. 448, 449–50 (1967), *cert. denied*, 391 U.S. 927, 88 S.Ct. 1827, 20 L.Ed.2d 666 (1968); *Hyduke v. Grant*, 351 N.W.2d 675, 677 (Minn.Ct.App. 1984); *Katsaris v. Scelsi*, 115 Misc.2d 115, 118, 453 N.Y.S.2d 994, 996–97 (1982); *Jablonski v. Higgins*, 6 Ohio Misc.2d 8, 10–11, 453 N.E.2d 1296, 1298–99 (Ohio C.P.1983); *Chocktoot v. Smith*, 280 Or. 567, 575, 571 P.2d 1255, 1259 (1977); *Jackson v. Olson*, 77 Or.App. 41, 45, 712 P.2d 128, 130 (1985); *Sola v. Clostermann*, 67 Or.App. 468, 472, 679 P.2d 317, 319 (1984); *Stafford v. Gar-*

---

**2.** Likewise, the determinations of negligence and damages are questions of fact for the jury. In this case, however, the factual determination of negligence need not be addressed as the issue of causation is dispositive of this appeal. *See Fireman's Fund Am. Ins. Co. v. Patterson & Lamberty, Inc.*, 528 S.W.2d 67, 69 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

*rett,* 46 Or.App. 781, 786, 613 P.2d 99, 101 (1980); *Floyd v. Kosko,* 285 S.C. 390, 394, 329 S.E.2d 459, 461 (S.C.Ct.App.1985); *Daugert v. Pappas,* 104 Wash.2d 254, 258–59, 704 P.2d 600, 603–04 (1985); *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis.2d 94, 127 n. 14, 362 N.W.2d 118, 135 n. 14 (1985); *Lewandowski v. Continental Casualty Co.,* 88 Wis.2d 271, 279, 276 N.W.2d 284, 287 (1979); *General Accident Fire & Life Assurance Corp. v. Cosgrove,* 257 Wis. 25, 27, 42 N.W.2d 155, 156 (1950).[3] We likewise hold that in a case of appellate legal malpractice [4] the determination of causation is a question of law.

■ The question of whether an appeal would have been successful depends on an analysis of the law and the procedural rules. Millhouse's position that the jury should make this determination as a question of fact would require the jury to sit as appellate judges, review the trial record and briefs, and decide whether the trial court committed reversible error. A judge is clearly in a better position to make this determination. Resolving legal issues on appeal is an area exclusively within the province of judges; a court is qualified in a way a jury is not to determine the merits and probable outcome of an appeal. Thus, in cases of appellate legal malpractice, where the issue of causation hinges on the possible outcome of an appeal, the issue is to be resolved by the court as a question of law.

■ Millhouse further claims that determining causation as a question of law would violate his right to a jury trial under the Texas Constitution. *See* Tex. Const. art. I, § 15; *see also id.* art. V, § 10. We disagree. Courts in this state must regularly determine questions of law concerning pending matters. This case is no different. Millhouse is entitled to a jury trial only on the factual elements of the case. *Wyche v. Works,* 373 S.W.2d 558, 561 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.); *see supra* note 2. A court's determination of a question of law is not a violation of the Texas Constitution.

Accordingly, we affirm the judgment of the court of appeals.

RAY and MAUZY, JJ., note their dissent.

OPINION ON REHEARING

MAUZY, Justice, dissenting.

I respectfully dissent from this court's decision that the determination of causation in cases of appellate legal malpractice is a question of law for a judge and not a question of fact to be presented to a jury.

The field of appellate law is no more complicated or obscure than the fields of medicine, chemistry, engineering, biology, construction, or any of a myriad of professions. In all negligence cases involving these professions, the issue of causation is submitted to the jury. The rule should be

---

3. The commentators have also recognized that this is a question of law. *See* 2 R. Mallen & J. Smith, *Legal Malpractice* § 24.39, at 536–37 (3d ed. 1989) ("Initially, the client must prove that, but for the attorney's negligence, the plaintiff should have prevailed upon the motion or appeal.... The decision about the proper resolution of a petition or appeal must and can be made by the trial judge as an issue of law, based upon review of the transcript and record of the underlying action, the argument of counsel, and subject to the same rules of review as should have been applied [by the appellate court] to the motion or appeal.") (footnotes omitted); Breslin & McMonigle, *Expert Testimony in Legal Malpractice Actions,* 6 Litigation 30, 31 (1979); Leibson, *Legal Malpractice Cases: Special Problems in Identifying Issues of Law and Fact and in the Use of Expert Testimony,* 75 Ky.L.J. 1, 13, 42 (1986–87).

4. Other jurisdictions have recognized that appellate legal malpractice generally includes the following: negligently advising a client not to appeal; negligently failing to take the preliminary posttrial steps necessary to appeal, such as filing a motion for new trial when required; negligently failing to timely file the notice of appeal, cost bond, record, or brief; and negligently presenting the client's contentions on appeal. *See* 2 R. Mallen & J. Smith, *Legal Malpractice* § 24.39, at 531 (3d ed. 1989). The determination of whether the alleged legal malpractice is appellate legal malpractice is not usually in issue; we have found only one case where the parties disputed this question. *See Phillips v. Clancy,* 152 Ariz. 415, 422, 733 P.2d 300, 307 (Ct.App.1986).

no different—and no less—for attorneys. Further, to say that the court is entitled to rule upon the question of causation as a matter of law in an appellate legal malpractice case gives the appearance that the bench is in the position of protecting the bar.

Attorneys are no more subject to alleged abuse by the jury system than any other litigant. If causation in an appellate legal malpractice case were submitted to a jury, the courts of appeals would still have the right of review under proper evidentiary standards. The trial court would also have the option of submitting to a jury appropriate instructions regarding the case.

I believe this type of case can and should be resolved in the same manner as other types of professional malpractice. In such cases every party has a right to call expert witnesses and present supportive evidence. Expert testimony on mixed questions of fact and law is clearly admissible and proper. *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361 (Tex.1987). Each party then has a right to cross-examine the witnesses brought by the opposing party and to have the entire case submitted to a jury.

The privilege of being an attorney should not carry with it immunity from the jury system. The argument that attorney-judges are better equipped to decide appellate legal malpractice cases is elitist. We do not impanel a jury of physicians to decide a medical malpractice case. Because the court has circumvented the constitutional right to trial by jury to assist lawyers, I dissent.

RAY, J., joins in this dissenting opinion on rehearing.