**Donald H. SMITH and wife, Pat Smith, Appellant,**

v.

**Laura D. HEARD, Appellee.**

No. 04–97–00705–CV.

Court of Appeals of Texas, San Antonio.

Aug. 5, 1998.

Rehearing Overruled Aug. 24, 1998.

694

Craig L. Austin, Law Offices of Craig L. Austin, San Antonio, for appellant.

Joel S. Pace, John E. Westcott, Thornton, Summers, Biechlin, Dunham & Brown, L.C., Nelson Skinner, Law Offices of Nelson Skinner, San Antonio, for appellee.

Before RICKHOFF, DUNCAN and ANGELINI, JJ.

RICKHOFF, Justice.

This appellate legal malpractice action is based on a prior appeal to this Court. *Smith v. Levine,* 911 S.W.2d 427 (Tex.App.—San Antonio 1995, writ denied). In this action the Smiths brought suit against their original appellate attorney, Laura D. Heard, alleging malpractice, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act and breach of contract. Heard moved for and was granted summary judgment. In two points of error the Smiths complain that the trial court erred in granting summary judgment because there were material issues of fact, and because Heard's motion for summary judgment did not address causes of action added seven days before the hearing. We affirm in part and reverse and remand in part.

## FACTS

The Smiths first hired Heard to pursue a motion for new trial and an appeal in January 1994, after losing a jury trial in the underlying litigation. The Smiths believed they could win either a motion for new trial or an appeal because they believed the judgment was erroneously calculated and because they believed the Levines' expert had committed perjury and a fraud upon the trial court. They contend various attorneys, including Heard, told them the judgment was erroneously calculated because an offset credit was misplaced. They also contend Heard promised to let them review any pleadings filed in the case. Heard timely filed her Motion for New Trial without permitting them to review it; the Smiths contend the motion was fatally flawed because it did not contain a Motion to Vacate, Modify, Correct or Reform the Judgment. They also fault Heard for not subpoenaing the Levines' trial expert, Tom F. McNeil, and for not pursuing his misstatements with sufficient vigor. After a hearing, the motion for new trial was denied.

More friction arose over paying for the statement of facts and over preventing execution of the judgment against the Smiths. Heard obtained two extensions from this Court for submitting the appellants' brief, which the Smiths assign as a chance for Heard to run up her hourly bill. When the brief was complete, the Smiths contend they were given an hour to review the finished product. They contend the brief was "fatally defective" because it "diluted" some causes of action and failed to verify with trial counsel that some points of error argued in the brief were not preserved in the trial court. Heard later filed a supplemental brief in the case incorporating some of these changes. After the briefs were filed, but before argument, Heard withdrew as appellate counsel. Nelson Skinner represented the Smiths in the *Levine* argument.

Eight months after their motion for rehearing was overruled in *Levine,* the Smiths filed this suit. After discovery, Heard moved for summary judgment on four grounds: because the opinion in *Levine* showed the appeal would not have succeeded, negating causation; because the affidavit of Heard's expert, as well as the opinion, showed no breach of fiduciary duty; because of this lack of malpractice, Heard did not breach her contract to the Smiths; and because Heard's conduct was not a producing cause of damages under the DTPA. One week before the hearing, the Smiths amended their pleadings to add failure of consideration and violations of the Texas Debt Collection Practices Act, TEX.REV.CIV. STAT. ANN. art. 5069–11.01–11.12 (Vernon 1987), *now codified at* TEX. FIN.CODE ANN. § 392 (Vernon 1998). A general summary judgment was granted.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–549 (Tex.1985). In deciding whether a disputed

material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant; every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549. A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993).

■ In an appellate legal malpractice suit, plaintiffs have the burden of proving that but for the attorney's negligence, the client would have prevailed on appeal. *Millhouse v. Wiesenthal,* 775 S.W.2d 626 (Tex. 1989). This is so because, if the appeal would not have been successful, the attorney's negligence could not have caused the plaintiff any damage; alternatively, if the appeal could have obtained a more favorable result, the plaintiff sustained damage because of the attorney's negligence. *Id.* at 627. Determination of causation in appellate legal malpractice is a matter of law, and as such is a proper subject for summary judgment. *Id.* at 628. The client also must show what amount would have been collectible had he recovered the judgment. *Jackson v. Urban, Coolidge, Pennington & Scott,* 516 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

### APPELLATE LEGAL MALPRACTICE

Heard first contends that the *Smith v. Levine* opinion shows that the appeal could not have succeeded on the points singled out as malpractice. The Smiths' complaint in this area is twofold: that Heard did not challenge the calculation of interest and the award in either the motion for new trial or the appeal, and that Heard did not vigorously attack the qualifications of Tom F. McNeil, the Levines' expert in the underlying trial. We take each of these contentions in turn.

### 1. Calculation of Damages and Interest

■ The Smiths contend they were harmed by Heard's failure to challenge the trial court's calculation of damages. In *Levine,* we noted that these objections were brought in a brief which was filed late, without leave and without explanation, and declined to consider them. *Smith,* 911 S.W.2d at 436. The court noted that these points were not preserved by a postjudgment motion, and so nothing was presented. *Id.* The court went on to note that "in any event, the trial court's calculations regarding actual damages and attorney's fees conform to established precedent." *Id.* (citing cases).

Heard contends this conclusion shows that any appeal on this point would not have succeeded. Absent a likelihood of success on appeal, she argues, causation is negated and summary judgment was proper.

We agree. Upon examining the question of law presented, we agree that no reversible error was presented in the Smiths' complaint on calculation of damages. *See Millhouse,* 775 S.W.2d at 627 (when negligence complained of was failure to timely file statement of facts in prior appeal, scrutiny of entire record, including missing statement of facts, to determine if prior appeal would have succeeded is proper). Therefore we find the trial court's grant of summary judgment was proper.

### 2. Qualifications of Tom F. McNeil

■ On the subject of the qualifications of the Levines' expert witnesses, Heard similarly notes that in the prior opinion, this Court called the question of McNeil's certification "patently immaterial." *Smith,* 911 S.W.2d at 434. The court found that McNeil met the requirements of Texas's rules of evidence for qualifying as an expert and that he did not mislead the court as to his qualifications. We therefore find that Heard successfully negated causation on this complaint.

### DECEPTIVE TRADE PRACTICES ACT CLAIMS

The Smiths next contend Heard did not sufficiently address their claims under the Deceptive Trade Practices and Consumer Protection Act, TEX. BUS. & COM.CODE ANN. §§ 17.41–.854 (Vernon 1987 & Supp.1998) to win summary judgment. Heard contends the prior opinion negated any producing cause analysis.

The producing cause nexus required by the DTPA lacks the forseeability element of proximate cause, leaving only cause-in-fact analysis. *Doe v. Boys Clubs of Greater Dallas,* 868 S.W.2d 942, 954 (Tex. App.—Amarillo 1994, *aff'd,* 907 S.W.2d 472 (Tex.1995). The gist of the Smiths' DTPA claim is that Heard misrepresented to them her qualifications, that they would not have hired her if not for these misrepresentations, and that her representation caused their damages. Because we have determined that Heard has negated causation as a matter of law, we find that her representation similarly could not have been the producing cause of damages under the DTPA.

### BREACH OF FIDUCIARY DUTY

The Smiths also complain that the trial court erred in granting summary judgment on their claims that Heard breached a fiduciary duty toward them and that Heard breached an express warranty to use accepted professional practices to obtain a sound result. Heard argues that the Smiths' claims all arise from a single instance of alleged legal malpractice, and that claims such as breach of fiduciary duty and express warranty represent an impermissible fracturing of these claims. We agree.

"If a lawyer's error or mistake is actionable, it should give rise to a cause of action for legal malpractice with one set of issues which inquire if the conduct or omission occurred, if that conduct or omission was malpractice and if so, subsequent issues on causation and damages." *Sledge v. Alsup,* 759 S.W.2d 1, 2 (Tex.App.—El Paso 1988, no writ); *see also Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 133–134 (Tex.App.—Houston [14th Dist.] 1994), no writ). Because we find these causes of action all arise from the same set of facts and circumstances as the alleged malpractice, and because we have found causation was negated as a matter of law, we find summary judgment on these claims was proper.

The Smiths' first issue is overruled.

### THE AMENDED PLEADINGS

In their second point of error the Smiths contend that they are entitled to a remand because Heard's summary judgment does not address two causes of action added to their pleadings seven days before the hearing on the summary judgment. Heard contends in a cross-point that the trial court abused its discretion in not overruling her motion to strike the Smiths' amendment. We consider first whether the trial court erred in granting summary judgment on these claims.

Seven days before the summary judgment hearing, the Smiths amended their petition to include, among other things, claims of failure of consideration and violations of the Texas Debt Collection Practices Act, TEX. REV.CIV. STAT. ANN. art. 5069–11.01–11.12 (Vernon 1987), *now codified at* TEX. FIN.CODE ANN. § 392 (Vernon 1998).

Heard correctly points out that failure of consideration is an affirmative defense usually asserted in actions to enforce a contract. *See* TEX.R. CIV. P. 94. Technically speaking, failure of consideration discharges a party's obligations under a contract. JOSEPH M. PERILLO AND HELEN HADJIYANNAKIS BENDER, CORBIN ON CONTRACTS § 5.20 (1995). As plaintiffs, failure of consideration is not a cause of action which the Smiths may assert against Heard.

On the other hand, the Texas Debt Collection Practices Act may indeed be a viable cause of action. The act defines "debt collection" as "any action, conduct, or practice ... in collecting debts owed or due, or alleged to be owed or due a creditor by a consumer." TEX.REV.CIV. STAT. ANN. art. 5069–11.01. An actor is not excused from following the provisions of the Act because the debt is owed directly to the actor. *Monroe v. Frank,* 936 S.W.2d 654, 659–660 (Tex. App.—Dallas 1996, writ dism'd w.o.j.)(interpreting the Texas Debt Collection Practices Act).

Courts have granted summary judgments on causes of action not specifically addressed in a movant's motion if the movant has conclusively disproven an ultimate fact which is central to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action. TIMOTHY PATTON, SUMMARY JUDGMENTS

IN TEXAS—PRACTICE, PROCEDURE AND REVIEW § 3.06[3] (2d ed.1996); *Judwin Prop., Inc. v. Griggs & Harrison*, 911 S.W.2d 498–502–503 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Mackie v. McKenzie*, 900 S.W.2d 445, 451 (Tex.App.—Texarkana 1995, writ denied); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex.App.—Dallas 1989, writ denied). However, debt collection practices in any case do not stem from attorney malpractice, which is the heart of this appeal.

Because her motion for summary judgment did not address Texas Debt Collection Practices Act claims, then, it was error for the trial court to grant summary judgment on those claims. *See Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983); *Rose v. Kober Fin. Co.*, 874 S.W.2d 358, 361–362 (Tex.App.—Houston [14th Dist.] 1994, no writ). Therefore, unless the trial court erred in not refusing the Smiths' amended petition, summary judgment on this ground was improper.

## CROSS-POINTS

In her cross-points Heard argues that the trial court abused its discretion in not sustaining her objections to the Smiths' petition as a surprise, and in failing to sustain her objections to the Smiths' summary judgment proof.

■ Heard first argues the trial court abused its discretion in permitting the Smiths to amend their pleadings to add a new cause of action just seven days before trial. TEX.R. CIV. P.63 states that "Parties may amend their pleadings . . . by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party;" the rule goes on to specify that amendment within seven days of the date of trial or thereafter may be filed with leave of the trial judge, "which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." Thus the party's right to amend within seven days of trial is subject only to the opposing party's right to show surprise, as determined in the exercise of the trial court's discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980). The complaining party has the burden of showing a clear abuse of discretion. *Id.* at 350.

■ If the amendment complained of asserts a new cause of action or defense, it is prejudicial on its face, and if the opposing party objects to the amendment, the trial court has discretion to refuse the amendment. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex.1990). The trial court may do this even if the amendment is not one which requires leave of the trial court. *Favor v. Hochheim Prairie Farm Mutual Ins. Ass'n*, 939 S.W.2d 180 (Tex. App.—San Antonio 1996, writ denied).

■ However, the Smiths did not need leave of court to file their first amended petition; it was filed exactly seven days before the hearing. An amendment is timely, and leave of court is not required, when the amended pleading is filed exactly one week before the summary judgment hearing. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex.1995). Because their amendment did not require leave of the trial court, it would have required an exercise of discretion on the trial court's part to refuse it. Because the trial court did not exercise its discretion, we find the trial court did not abuse its discretion.

Heard's first cross-point is overruled.

Because of our disposition of the other points of error, we need not decide Heard's second cross-point challenging the Smiths' summary judgment evidence.

## CONCLUSION

Summary judgment for Heard on legal malpractice and DTPA claims was proper because she successfully negated causation. Summary judgment on breach of fiduciary duty and breach of warranty claims was proper because they were simply different facets of the original legal malpractice claim. However, because she failed to address the Texas Debt Collection Practices Act claim in her motion, summary judgment on this claim was improper. We therefore affirm in part

and remand for further proceedings on the TDCPA claim.