NO. 07-05-0347-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 15, 2005



______________________________




IN RE: CLARE CONSTAT, LTD. AND STEPHEN YORK TAYLOR, RELATORS





_________________________________






Before REAVIS and CAMPBELL and HANCOCK, JJ.


ON PETITION FOR WRIT OF MANDAMUS


 


 Relators Clare Constat, Ltd. and Stephen York Taylor seek a writ of mandamus
requesting that we order the Honorable David Gleason, assigned judge of the 47th District
Court of Potter County, to withdraw his abatement order of September 22, 2005, to allow
relators to conduct discovery prior to any consideration of the defendants' no-evidence
motion for summary judgment and to allow all discovery to proceed in accordance with the
Texas Rules of Civil Procedure. In response, among other things, real parties in interest,
Brown & Fortunato, contend the relief requested should be denied because relators have
not shown a clear abuse of discretion by the trial court. We deny the petition.

Standard of Review


 Discovery rules encourage trial courts to limit discovery to avoid undue burdens, and
the trial court has broad discretion to schedule and define the scope of discovery. In re
Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999). Relators are entitled to
mandamus relief "only to correct a trial court's clear abuse of discretion when no adequate
remedy at law exists." Id. at 176. In our review, regarding factual matters as an appellate
court we may not substitute our judgment for that of the trial court. Walker v. Packer, 827
S.W.2d 833, 837-39 (Tex. 1982); In re Energas Co., 63 S.W.3d 50, 51 (Tex.App.-Amarillo
2001, orig. proceeding). In determining whether mandamus should issue, because we
cannot plumb the subjective reasoning of the trial court, we must focus on the record that
was before it and decide whether the decision was not only arbitrary but also amounted to
a clear and prejudicial error of law. In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605
(Tex. 1998). See also In re Shipmon, 68 S.W.3d 815, 819 (Tex.App.-Amarillo 2001, orig.
proceeding).

 Relators sued real parties in interest for appellate legal malpractice alleging the
attorneys failed to timely file a notice of appeal from an adverse trial court judgment. (1) Both
parties recognize that a determination of the element of causation is a claim for appellate
legal malpractice and is controlled by Millhouse v. Wiesenthal, 775 S.W.2d 626 (Tex.
1989). By letter dated November 23, 2004, the Honorable Hal Miner, presiding judge of
the trial court, advised all counsel that he would eventually draft a discovery order and also 
requested counsel for real parties to explain why the court should not adjudicate proximate
cause before allowing discovery on the other elements of the other claims. Following his
recusal and assignment of the Honorable David Gleason, on September 22, 2005, Judge
Gleason signed a Level 3 Scheduling Order which relators challenge. As material here,
the scheduling order provided:


 discovery is abated until future order resolving the summary judgment
practice on causation issues;
 defendants shall file a no-evidence motion for summary judgment
addressing only the issue of cause-in-fact, i.e., the outcome of the
appeal of the underlying case;
 plaintiffs shall file a response and cross-motion for partial summary
judgment solely on the issue of cause-in-fact, which cross-motion will
include the underlying appellate record and appellants' brief that
should have been filed in the underlying appeal.
 defendants shall file a response to the plaintiffs' cross-motion for
partial summary judgment, including the appellees' brief that would
have been filed in the underlying appeal. (2)


 

 In Millhouse, 775 S.W.2d at 627, although noting that a determination of proximate
cause is usually a question of fact in legal malpractice actions, the court held that where
appellate legal malpractice is the issue, the determination of causation requires a
determination of whether the appeal in the underlying action would have been successful. 
The court then concluded that because a plaintiff suing for appellate malpractice must
show that but for the negligence of the attorney, the client would have prevailed on appeal, 
the question of causation was to be determined as a question of law and affirmed the court
of appeals' judgment affirming the summary judgment. The Millhouse decision was
followed in Klein v. Reynolds, Cunningham, Peterson & Cordell, 923 S.W.2d 45, 47
(Tex.App.-Houston [1st Dist.] 1995, no writ). The court held that where the issue of
causation hinges on the review of the trial record and the briefs, the question of causation
is to be resolved by the court as a question of law and affirmed the summary judgment
rendered by the trial court. (3)

 Although discovery rules are to be liberally construed, see Coleman v. Winn-Coleman, Inc., 110 S.W.3d 104, 111 (Tex.App.-Houston [1st Dist.] 2003, no pet.),
considering that the issue of causation of the appellate malpractice claim is to be
determined by the trial court upon its review of the trial record and briefs, that discovery is
not abated beyond the determination of the causation issue, and the petition and response,
we conclude a clear abuse of discretion by the trial court has not been demonstrated. 
Accordingly, relators' petition for writ of mandamus is denied. (4)

 Don H. Reavis

 Justice
1. Other claims were presented by amended pleadings.
2. Neither party presents any complaint nor objection regarding the denial or absence
of document production.
3. The summary judgments affirmed in Millhouse and Klein predate adoption of Rue
166a(i) of the Texas Rules of Civil Procedure in 1997.
4. We express no opinion as to whether the appellate malpractice causation issue
should be presented by a traditional motion for summary judgment or a no-evidence
motion for summary judgment. See Tex. R. Civ. P. 166a.