Opinion issued April 17, 2003 




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00656-CV




MARILYN M. COLEMAN INDIVIDUALLY AND AS ADMINISTRATOR
OF THE ESTATE OF EARL D. COLEMAN, Appellant

V.

WINN-COLEMAN, INC., B.W. MOORE, AND PETER WORKIN, Appellees




On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 00-52549




O P I N I O N
          This is an appeal from a summary judgment rendered in favor of appellees,
Winn-Coleman, Inc. (“WCI”), B.W. Moore, and Peter Workin, and against appellant,
Marilyn M. Coleman. The central issue in this case is whether a surviving spouse
is required to obtain a judicial declaration of heirship to sue to recover community
property in the form of a promissory note made payable solely to the deceased spouse. 
Finding that no declaration of heirship is necessary, that Marilyn Coleman is entitled
to sue to recover on the note, and that summary judgment was improperly rendered
against her, we reverse and remand.
Facts 
          In September 1990, Earl Coleman and Houston B. Winn formed WCI. In July
1993, Moore purchased Winn’s shares in WCI. On July 15, 1994, Coleman and WCI
entered into an Agreement for Purchase and Sale, pursuant to which Coleman sold
his interest in WCI to WCI in exchange for a promissory note in the amount of
$280,000 payable to Coleman (the Promissory Note). In connection with the
Agreement and Promissory Note, Coleman, WCI, Moore, and Workin executed an
Escrow Agreement under which the parties agreed that, in the event of a default on
the Note, Coleman would receive 280,000 shares of common stock in WCI to be held
in escrow and released back to WCI as payments were made to Coleman for his
interest in the corporation. Moore signed the Promissory Note as chairman of the
board of WCI, and Workin agreed to serve as the escrow agent. The Promissory Note
was made payable in five equal installments, the first of which was due on April 1,
1995, and the last of which was due April 15, 1998.
          Earl Coleman died intestate on January 28, 1995. He and Marilyn Coleman
had married on September 21, 1974, and were still married at the time of Earl’s death.
They had two children, Kendall Macari Coleman, born on June 6, 1977, and David
Macari Coleman, born on April 7, 1979. Earl Coleman was never married to anyone
else and had no other children. No one qualified as executor or administrator of the
estate.
          No payments were made on the Promissory Note.
Procedural Background
          In December 1999, Marilyn Coleman sent notice to WCI and Moore,
demanding payment on the Promissory Note; in July, 2000, she sent notice to Workin
demanding fulfillment of his responsibility as escrow agent. Neither WCI and Moore
nor Workin performed.
          On October 15, 2000, Marilyn Coleman filed a pro se suit against WCI, Moore,
and Workin, individually and on behalf of the Estate of Earl Coleman, to recover the
sums due under the Promissory Note.
          On December 11, 2000,WCI counterclaimed against Marilyn Coleman and the
Coleman Estate for breach of contract, fraud, and attorneys’ fees. None of the
defendants filed a general denial or affirmative defenses.
          On December 14, 2000, Workin filed an individual motion for partial summary
judgment. Workin incorrectly alleged that Marilyn Coleman had sued appellees for
breach of contract, negligence, fraud, conversion, and intentional infliction of
emotional distress. He alleged that he was “only an agent for the escrow account and
does not claim any ownership in the contents of this account” and that the plaintiffs,
Marilyn Coleman and the Estate of Earl Coleman, had “never provided any evidence
they are entitled to any proceeds to the escrow account.” He further alleged that he
never undertook any obligation as escrow agent and no consideration was paid him
under the Promissory Note or as escrow agent. Finally, he alleged that Marilyn
Coleman had failed to demonstrate that she was the successor-in-interest to the
proceeds of the Promissory Note; therefore, he had no duty to deliver to her the stock
held in escrow. He set the motion for submission at 9:00 a.m. on January 8, 2001.
          Also on December 14, 2000, Moore filed a motion for partial summary
judgment and set it for submission at 9:00 a.m. on January 8, 2001. Like Workin,
Moore alleged that he was not liable in his individual capacity, since he signed the
agreements only in his official capacity, as evidenced by the Promissory Note. 
Moore also incorrectly alleged that Marilyn Coleman had sued appellees for breach
of contract, negligence, fraud, conversion, and intentional infliction of emotional
distress. Also like Workin, Moore alleged that there had been no determination of
Earl Coleman’s heirs and, therefore, Marilyn Coleman lacked the capacity to sue him.
          On January 5, 2001, the same day they were engaged by Marilyn Coleman, and
three days after the January 2 deadline for filing a response to the motions for
summary judgment that had been filed on December 14, attorneys for Marilyn
Coleman and the Coleman Estate filed a “Motion for Leave to File a Response to
Defendants’ Motions for Summary Judgment or, Alternatively, Motion for
Continuance,” to permit them to respond to the outstanding motions for summary
judgment, replead, and take discovery. They simultaneously filed amended pleadings
and a response to Moore’s motion for summary judgment. In addition, they filed a
motion to abate to permit them to establish Marilyn Coleman’s right to sue on the
Promissory Note in the probate court in response to the defendants’ challenge to her
standing to bring the lawsuit.
          Three days later, on January 8, 2001, without ruling on Marilyn Coleman’s and
the Coleman Estate’s motion for leave to respond or, alternatively, for a continuance,
the trial court granted Moore’s motion for partial summary judgment. On February
5, 2001, it granted Workin’s motion for partial summary judgment. That same day,
WCI, Moore, and Workin moved to dismiss Marilyn Coleman’s suit for lack of
standing and jurisdiction.
          On February 9, 2001, Marilyn Coleman, Individually and as Administrator of
the Estate of Earl D. Coleman, filed her “Second Amended Petition,” alleging her
community property interest in the Promissory Note and her right to recover on the
Note as the unqualified community administrator of the Coleman Estate under section
160 of the Probate Code. She also alleged breach of contract against Winn-Coleman,
Moore (under the theory of alter ego), and Workin.
          On February 14, 2001, the trial court denied the defendants’ motion to dismiss
and abated the case to allow Marilyn Coleman to file an application for declaration
of heirship. Marilyn Coleman filed an application for declaration of heirship in
Harris County Probate Court Number Three. The probate court has not yet ruled on
that application.
          Despite the abatement, on April 4, 2001, WCI moved for summary judgment
in the trial court based on the statute of limitations for filing heirship proceedings. 
The court granted WCI’s motion for summary judgment on May 29, 2001, and
dismissed Marilyn Coleman’s claims with prejudice. On June 20, 2001, WCI non-suited its counterclaims to create a final judgment. Marilyn Coleman appeals.


 
Issues
          Appellant argues in four issues: (1) that the residual four-year statute of
limitations set out in section 16.051 of the Texas Civil Practice and Remedies Code
does not apply to proceedings to declare heirship under section 48 of the Texas
Probate Code; (2) that WCI did not have standing to raise the defense of limitations
for filing probate matters in the lawsuit while a separate proceeding to declare
heirship was pending in the statutory probate court; (3) that Marilyn Coleman was
authorized under section 160 of the Texas Probate Code to sue to recover sums due
under the Promissory Note, such that a proceeding to declare heirship was
unnecessary; and (4) that the trial court erred in granting Moore’s and Workin’s
individual motions for summary judgment because Marilyn Coleman did not have an 
adequate opportunity to conduct discovery. 
Standard of Review
          In reviewing a summary judgment, we accept as true all evidence supporting
the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex.
1985). All inferences are indulged in favor of the nonmovant, and all doubts are
resolved in its favor. Id. at 549. We should consider all summary judgment grounds
the trial court rules on and the movant preserves for appellate review that are
necessary for final disposition of the appeal when reviewing a summary judgment,
and we may consider other grounds that the movant preserved for review and the trial
court did not rule on in the interest of judicial economy. Cincinnati Life Ins. Co. v.
Cates, 927 S.W.2d 623, 626 (Tex. 1996). Summary judgment for the defendant is
proper when the proof shows that there is no genuine issue of material fact as to one
or more of the essential elements of the plaintiff’s cause of action. Black v. Victoria
Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). A defendant may show entitlement
to summary judgment by conclusively proving all elements of an affirmative defense. 
Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).
Discussion
          Marilyn Coleman’s Capacity to Sue to Recover on the Promissory Note
          Marilyn Coleman’s first three issues concern proceedings to declare heirship. 
In her first and second issues, Marilyn Coleman argues that the residual four-year
statute of limitations does not apply to proceedings to declare heirship and that WCI
did not have standing to raise the defense of limitations in the proceedings to declare
heirship filed by Marilyn Coleman in the probate court. In her third issue, Marilyn
Coleman argues that no proceeding to declare heirship is necessary in this case
because she is authorized under section 160 of the Probate Code to sue to recover on
the Promissory Note executed in favor of late husband, Earl Coleman. We consider
the third issue first.
Section 48 of the Probate Code: Proceedings to Declare Heirship
          Section 48 of the Probate Code provides, in relevant part, that, when a person
dies intestate owning personal property and there has been no administration of the
estate in this state, the court of the county in which the property is found may declare
“who are the heirs and only heirs of such decedent, and their respective shares and
interests” in the decedent’s estate. Tex. Prob. Code Ann. § 48 (Vernon 2003); see
Estate of York, 934 S.W.2d 848, 850 (Tex. App.—Corpus Christi 1996, writ denied). 
It follows that, when ownership of property of the deceased is determined by
operation of law, heirship proceedings serve no purpose. We, therefore, must
determine whether Marilyn Coleman is the owner of the Promissory Note by
operation of law.
Sections 45 and 155 of the Probate Code: Community Property and Administration
of Community Property

          Section 45 of the Texas Probate Code provides:
(a)On the intestate death of one of the spouses to a marriage, the
community property estate of the deceased spouse passes to the
surviving spouse if:
 
(1)no child or other descendent of the deceased spouse
survives the deceased spouse; or
 
(2)all surviving children and descendants of the deceased
spouse are also children or descendants of the surviving
spouse.
Tex. Prob. Code Ann. § 45. 
          Section 155 of the Code provides, “When a husband or wife dies intestate and
the community property passes to the survivor, no administration thereon, community
or otherwise, shall be necessary.” Tex. Prob. Code Ann. § 155; see also Fairbanks’
Estate v. Commissioner of Internal Revenue, 128 F.2d 537, 538 (5th Cir. 1942)
(holding a surviving husband entitled to administer community property without
appointment by the probate court). 
          The record establishes that Marilyn Coleman is the surviving spouse of Earl
Coleman, who died intestate, and that all children of Earl Coleman are also children
of Marilyn Coleman. If the Promissory Note was part of the community property
estate of the deceased spouse, Earl Coleman, it passed by operation of law to Marilyn
Coleman upon his death and no administration thereon was necessary. Tex. Prob.
Code Ann. §§ 45, 155. We must determine, therefore, whether the Note was
community property.
Subsections 3.002 and 3.003 of the Family Code: Community Property and
Presumption of Community Property

          Community property consists of property, other than separate property, that is
acquired by either spouse during marriage. Tex. Fam. Code Ann. § 3.002 (Vernon
1998). A spouse’s separate property consists of the property owned or claimed by
that spouse before marriage, or acquired by the spouse during marriage by gift,
devise, or descent, or recovered for personal injuries sustained by the spouse during
marriage. Tex. Fam. Code Ann. § 3.001. Subsection 3.003(a) of the Family Code
provides:
(a)Property possessed by either spouse during or on dissolution of
marriage is presumed to be community property.
 
(b)The degree of proof necessary to establish that property is
separate property is clear and convincing evidence.

Tex. Fam. Code Ann. § 3.003. 
          The presumption, established by § 3.003 of the Family Code, that property
possessed by either spouse during or on dissolution of marriage is community
property applies to dissolution of marriage by death as well as by divorce. Evans v.
Evans, 14 S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.). To
overcome the presumption, a party must present clear and convincing evidence that
the property is separate property. Tex. Fam. Code Ann. § 3.003(b); Evans, 14
S.W.3d at 346. To identify property as separate, the evidence must generally trace
and clearly identify it as such. See Tex. Fam. Code Ann. § 3.001. 
          The evidence in this case establishes that the Promissory Note was acquired by
Earl Coleman during marriage in exchange for his interest in Winn-Coleman, which
likewise was acquired during marriage. Because the Note was still possessed by Earl
Coleman at the time of his death, it was presumptively community property. See 
Tex. Fam. Code § 3.003(a); Barnett v. Barnett, 67 S.W.3d 107, 111 (Tex. 2001). To
rebut that presumption, appellees had to establish by clear and convincing evidence
that the Note was Earl Coleman’s separate property. Appellees produced no evidence
clearly identifying the Note as separate property. We find, therefore, that the
Promissory Note is community property. We must next determine whether Marilyn
Coleman, as the surviving spouse of Earl Coleman, is entitled to sue to recover on the
Note.
Section 160 of the Probate Code: Powers of Surviving Spouse when No
Administration is Pending

          Section 160 of the Probate Code provides:
When no one has qualified as executor or administrator of the estate of
a deceased spouse, the surviving spouse, whether the husband or wife,
as the surviving partner of the marital partnership, without qualifying
as community administrator as hereinafter provided, has power to sue
and be sued for the recovery of community property; to sell,
mortgage, lease and otherwise dispose of community property for the
purpose of paying community debts; to collect claims due to the
community estate; and has such other powers as shall be necessary to
preserve the community property, discharge community obligations and
wind up community affairs.

Tex. Prob. Code Ann. § 160 (Vernon 2003) (emphasis added). 
          Marilyn Coleman was the surviving spouse of the decedent, Earl Coleman, who
died intestate. Ownership of the Promissory Note, therefore, passed to her. Tex.
Prob. Code Ann. § 45. No one was qualified as administrator of Earl Coleman’s
estate, nor was administration necessary. Tex. Prob. Code Ann. § 155. 
          Under the plain language of section 160 of the Probate Code, Marilyn
Coleman, as surviving spouse, has the power to sue for the recovery of community
property without qualifying as community administrator and to collect claims due the
community estate. See Nelson v. Dallas Indep. Sch. Dist., 774 S.W.2d 380, 382-83
(Tex. App.—Dallas 1989, writ denied) (husband was entitled to collect wife’s unpaid
teacher’s salary on behalf of estate where husband was married to wife on the day she
died and no one had qualified as administrator of wife’s estate when unpaid salary
collected). Since the Note is community property, her powers include the power to
sue to recover under the Note and to collect any other claims due the community
estate. See id.
          Because we find that the Promissory Note is community property and Marilyn
Coleman, as the surviving spouse of Earl Coleman, is entitled to sue to recover on it
and to collect any other claims due to the community estate, we hold that the trial
court erred in entering final summary judgment against Marilyn Coleman and
dismissing her claims with prejudice.
          We sustain Marilyn Coleman’s third issue. Because we find that no proceeding
to declare heirship is necessary in this case, issues one and two are moot.
          Summary Judgment on Moore’s and Workin’s Individual Claims
          In her fourth issue, Marilyn Coleman contends that the trial court erred in
granting Moore’s and Workin’s individual motions for summary judgment because
she did not have an adequate opportunity to conduct discovery. 
          Marilyn Coleman filed suit pro se on October 15, 2000. Workin filed his
individual motion for partial summary judgment on December 14, 2000 without
answering and, therefore, without having previously pleaded any of the grounds on
which he based his motion, including his alleged lack of standing to be sued in the
capacity in which he was sued, his claim that Marilyn Coleman had produced “no
evidence” that she was entitled to proceeds on the escrow account, and his claim that
Marilyn Coleman had failed to demonstrate that she was successor-in-interest to Earl
Coleman. Likewise, on December 14, Moore filed an individual motion for summary
judgment on the grounds that he, too, was not liable in his individual capacity and
that Marilyn Coleman lacked standing to sue him. He, too, had filed no answer and
had not previously pleaded the grounds on which he based his motion for summary
judgment. 
          Marilyn Coleman obtained counsel on January 5, 2001, three days after the
January 2 deadline for filing a response to Moore’s and Workin’s individual motions
for summary judgment. She immediately filed a motion for leave to respond to the
defendants’ motions for summary judgment or, alternatively, a motion for
continuance, seeking permission to respond to the outstanding motions for summary
judgment, replead, and take discovery; and she simultaneously filed amended
pleadings and a response to Moore’s motion for summary judgment.
          On January 8, 2001, three days after the motion for leave to respond or for
continuance was filed, the trial court, without ruling on the motion, rendered
summary judgment in favor of Moore on his individual motion for partial summary
judgment; and on February 5, 2001, it granted Workin’s individual motion for
summary judgment. No discovery was taken, and none could reasonably have been
completed, in the time between the filing of defendants’ motions for summary
judgment, in lieu of answers, and the trial court’s final disposition of those motions.
          The summary judgment rule clearly contemplates that the trial court will allow
parties a reasonable opportunity to conduct discovery before rendering summary
judgment. Chapa v. Garcia, 848 S.W.2d 667, 668 (Tex. 1992); Levinthal v. Kelsey-Seybold Clinic, P.A., 902 S.W. 2d 508, 512 (Tex. App.—Houston [1st Dist.] 1994,
no writ). The purpose of discovery is to allow parties to obtain full knowledge of the
facts and issues before the disposition of their case. Chapa, 848 S.W.2d at 668;
Levinthal, 902 S.W.2d at 512. Discovery is favored, and the rules that govern it are
to be liberally construed. Levinthal, 902 S.W.2d at 512. Here, the opportunity to take
discovery was denied.
          We hold that the trial court abused its discretion by rendering summary
judgment on Moore’s and Workin’s individual motions for summary judgment.          We sustain Coleman’s issue number four.
Conclusion
          We reverse the judgment of the trial court and remand this case to the trial
court for further proceedings in accordance with this opinion.
 

                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Justices Taft, Keyes, and Higley.