NO. 07-05-0347-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 15, 2005

_____

IN RE: CLARE CONSTAT, LTD. AND STEPHEN YORK TAYLOR, RELATORS

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relators Clare Constat, Ltd. and Stephen York Taylor seek a writ of mandamus requesting that we order the Honorable David Gleason, assigned judge of the 47th District Court of Potter County, to withdraw his abatement order of September 22, 2005, to allow relators to conduct discovery prior to any consideration of the defendants' no-evidence motion for summary judgment and to allow all discovery to proceed in accordance with the Texas Rules of Civil Procedure. In response, among other things, real parties in interest, Brown & Fortunato, contend the relief requested should be denied because relators have not shown a clear abuse of discretion by the trial court. We deny the petition.

## Standard of Review

Discovery rules encourage trial courts to limit discovery to avoid undue burdens, and the trial court has broad discretion to schedule and define the scope of discovery. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999). Relators are entitled to mandamus relief "only to correct a trial court's clear abuse of discretion when no adequate remedy at law exists." *Id*. at 176. In our review, regarding factual matters as an appellate court we may not substitute our judgment for that of the trial court. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1982); In re Energas Co., 63 S.W.3d 50, 51 (Tex.App.–Amarillo 2001, orig. proceeding). In determining whether mandamus should issue, because we cannot plumb the subjective reasoning of the trial court, we must focus on the record that was before it and decide whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law. In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). *See also* In re Shipmon, 68 S.W.3d 815, 819 (Tex.App.–Amarillo 2001, orig. proceeding).

Relators sued real parties in interest for appellate legal malpractice alleging the attorneys failed to timely file a notice of appeal from an adverse trial court judgment.[1] Both parties recognize that a determination of the element of causation is a claim for appellate legal malpractice and is controlled by Millhouse v. Wiesenthal, 775 S.W.2d 626 (Tex. 1989). By letter dated November 23, 2004, the Honorable Hal Miner, presiding judge of

---

[1]Other claims were presented by amended pleadings.

the trial court, advised all counsel that he would eventually draft a discovery order and also requested counsel for real parties to explain why the court should not adjudicate proximate cause before allowing discovery on the other elements of the other claims. Following his recusal and assignment of the Honorable David Gleason, on September 22, 2005, Judge Gleason signed a Level 3 Scheduling Order which relators challenge. As material here, the scheduling order provided:

- discovery is abated until future order resolving the summary judgment practice on causation issues;
- defendants shall file a no-evidence motion for summary judgment addressing only the issue of cause-in-fact, *i.e.*, the outcome of the appeal of the underlying case;
- plaintiffs shall file a response and cross-motion for partial summary judgment solely on the issue of cause-in-fact, which cross-motion will include the underlying appellate record and appellants' brief that should have been filed in the underlying appeal.
- defendants shall file a response to the plaintiffs' cross-motion for partial summary judgment, including the appellees' brief that would have been filed in the underlying appeal.[2]

In *Millhouse*, 775 S.W.2d at 627, although noting that a determination of proximate cause is usually a question of fact in legal malpractice actions, the court held that where appellate legal malpractice is the issue, the determination of causation requires a determination of whether the appeal in the underlying action would have been successful. The court then concluded that because a plaintiff suing for appellate malpractice must

---

[2]Neither party presents any complaint nor objection regarding the denial or absence of document production.

3

show that but for the negligence of the attorney, the client would have prevailed on appeal, the question of causation was to be determined as a question of law and affirmed the court of appeals' judgment affirming the summary judgment. The *Millhouse* decision was followed in Klein v. Reynolds, Cunningham, Peterson & Cordell, 923 S.W.2d 45, 47 (Tex.App.–Houston [1st Dist.] 1995, no writ). The court held that where the issue of causation hinges on the review of the trial record and the briefs, the question of causation is to be resolved by the court as a question of law and affirmed the summary judgment rendered by the trial court.[3]

Although discovery rules are to be liberally construed, *see* Coleman v. Winn-Coleman, Inc., 110 S.W.3d 104, 111 (Tex.App.–Houston [1st Dist.] 2003, no pet.), considering that the issue of causation of the appellate malpractice claim is to be determined by the trial court upon its review of the trial record and briefs, that discovery is not abated beyond the determination of the causation issue, and the petition and response, we conclude a clear abuse of discretion by the trial court has not been demonstrated. Accordingly, relators' petition for writ of mandamus is denied.[4]

Don H. Reavis
Justice

---

[3]The summary judgments affirmed in *Millhouse* and *Klein* predate adoption of Rue 166a(i) of the Texas Rules of Civil Procedure in 1997.

[4]We express no opinion as to whether the appellate malpractice causation issue should be presented by a traditional motion for summary judgment or a no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a.

4